**Filed**
**D.C. Superior Court**
**05/20/2021 15:21PM**
**Clerk of the Court**

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL ACTION BRANCH

WILLIAM LEE GRANT II
  PLAINTIFF
901 Wythe Road
Springfield, Illinois 62702

versus

DONALD HENRY RUMSFELD
  DEFENDANT
1030 15th STREET, N.W.
B1, #366
WASHINGTON, D.C. 20005
*Donald Henry Rumsfeld's primary place of business is the Rumsfeld Foundation located in Washington, D.C.

### ACTIONS OF REAGAN'S CHIEF OF STAFF (AORCOS) COMPLAINT

1) The Superior Court of the District of Columbia has personal jurisdiction pursuant to:

| | |
|---|---|
| D.C. Code 13-422 | Personal jurisdiction based upon enduring relationship |
| D.C. Code 22-1840 | Human Trafficking - Civil Action |
| D.C. Code 22-1832(a) | Forced Labor |
| D.C. Code 22-1833(1) | Trafficking in Labor or Commercial Sex Acts |
| D.C. Code 22-1836 | Benefitting financially from human trafficking |

2) Donald Henry Rumsfeld, Secretary of the U.S. Department of Defense from 2001 until 2006, is liable for the actions of Six Known Members of the U.S. Department of Defense from 2001 until 2006 under the theory of respondeat superior and command responsibility.

*See* The Paquete Habana, 175 U.S. 677 (1900).

*See* In Re Yamashita, 327 U.S. 1 (1946).

 William Howard Taft IV was the Deputy Secretary of the U.S. Department of Defense when James A. Baker III (President Ronald Reagan's White House Chief of Staff) and Caspar Weinberger began (circa 1985) siphoning funds from the Strategic Defense Initiative to genetically-engineer Mr. Grant.

 Upon the resignation of Caspar Weinberger as Secretary of the U.S. Department of Defense, Frank Carlucci became involved in James A. Baker III and Caspar Weinbgerger's endeavor to siphon funds from the Strategic Defense Initiative. Upon the conclusion of the administration of President Ronald Reagan, James A. Baker III, Casper Weinberger, and Frank Carlucci failed to disclose to Secretary of Defense Dick Cheney that the previous administration had been engaged in genetic engineering.

 When Mr. Grant was born in July of 1990, James A. Baker III, Caspar Weinberger, and Frank Carlucci recruited William Howard Taft IV for assistance in further acquiring U.S. Department of Defense resources for their evil enterprise.

 William Howard Taft IV facilitated the transfer of Mr. Grant from Air Force Systems Command in Maryland to the basement of the Pentagon in Virginia in 1990.

 James A. Baker III, Caspar Weinberger, and Frank Carlucci acted through William Howard Taft IV; James A. Baker III was the Secretary of the U.S. Department of State; Caspar Weinberger and Frank Carlucci were both retired Secretaries of the U.S. Department of Defense; and James A. Baker III, Caspar Weinberger, and Frank Carlucci had no operational authority over the U.S. Department of Defense.

 COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

 James N. Mattis, Joseph F. Dunford Jr. John F. Kelly, Mark T. Esper, Gregory K. Harris, and Joint Special Operations Command (JSOC) took their official orders from William Howard Taft IV, Deputy Secretary of the U.S. Department of Defense.

 William Howard Taft IV petitioned President George H. W. Bush to be appointed the United States Permanent Representative to the North Atlantic Treaty Organization (NATO) in 1990, while still serving as Deputy Secretary of the U.S. Department of Defense until the conclusion of President George H. W. Bush's administration in 1993.

 William Howard Taft IV was "offshored." William Howard Taft IV remained as Deputy Secretary of Defense, but was on the Federal payroll as the U.S. Permanent Representative to NATO. William Howard aTaft IV continued to work at the Pentagon in Alexandria, Virginia until the conclusion of President George H.W. Bush's administration.

 William Howard Taft IV had the paperwork for his resignation backdated to make it appear William Howar Taft IV resigned from the U.S. Department of Defense prior to Mr. Grant being transferred from Air Force Systems Command in Maryland to the basement of the Pentagon in Virginia in 1990.

 William Howard Taft IV was complicit in engineering Mr. Grant's life to give cause for Mr. Grant to appear in Federal court, and cooperated in obtaining the assistance of officials and employees in the state of Illinois to conspire against Mr. Grant beginning in 1992.

William Howar Taft IV assembled with James N. Mattis, Joseph F. Dunford Jr., and Mark T.  Esper to assassinate Mr. Grant in Maryland in 2017 as Mr. Grant walked from Springfield, Illinois to Washington, D.C. as a condition set by the Six Known Members of the U.S. Department of Defense for Mr. Grant to continue his lawsuit.

 COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

 The Six Known Members of the U.S. Department of Defense set the condition that Mr. Grant must walk from Springfield, Illinois to Washington, D.C. after his Federal lawsuit was dismissed in 2016 as a pretence to have Mr. Grant leave Springfield, Illinois, and appear isolated on the road to Washington, D.C.

 The Six Known Members of the U.S. Department of Defense planned and attempted to assassinate Mr. Grant in 2017 to conceal their multi-decade unconstitutional and racially motivated conspiracy against Mr. Grant.

(14) DONALD HENRY RUMSFELD, *WOOlf 3/19/2021* SECRETARY OF THE U.S. DEPARTMENT OF DEFENSE FROM 2001 UNTIL 2006, CONSENTED TO THE ACTIONS OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE UNDER THE GUISE OF A DOMESTIC SURVEILLANCE PROGRAM.

(15) DONALD HENRY RUMSFELD CONSENTED TO NOT BEING FULLY BRIEFED ON THE PARAMETERS OF THE DOMESTIC SURVEILLANCE PROGRAM IN AN ATTEMPT TO MAINTAIN "PLAUSIBLE DENIABILITY."

(16) DONALD HENRY RUMSFELD IS LIABLE FOR THE ACTIONS OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE UNDER THE THEORY OF RESPONDEAT SUPERIOR AND COMMAND RESPONSIBILITY. SEE THE PAQUETE HABANA, 175 U.S. 677 (1900). SEE IN RE YAMASHITA, 327 U.S. 1 (1946).

(17) OPERATION HOMETOWN GLORY IS A U.S. DEPARTMENT OF DEFENSE DOMESTIC INTELLIGENCE SURVEILLANCE PROGRAM RUN UNDER THE BANNER OF THE U.S. DEPARTMENT OF JUSTICE.

*WOOlf 4/15/2021*

(4)

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY



Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris for fraud.



The elements of fraud are:

1) A material misrepresentation of a fact:
    a) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense informed Mr. Grant in the basement of the Pentagon in 1990 that if Mr. Grant survived the Evil Enterprise (OPERATION: HOMETOWN GLORY) engineered by the aforementioned men to give cause for Mr. Grant to appear in Federal court, the Six Known Members of the U.S. Department of Defense would allow Mr. Grant to go on with the remainder his life;
2) Knowledge of its falsity:
    a) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense had no intention of allowing Mr. Grant to go on with the remainder of his life after filing suit in Federal court;
    b) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense engineered Mr. Grant's life hoping Mr. Grant would commit suicide prior to reaching Federal court in 2016;
    c) In 1990, James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense:
        1) planned to have Mr. Grant appear in Federal court as an indigent individual;
        2) planned to have Mr. Grant's lawsuit (16-cv-3245) dismissed;
        3) informed Mr. Grant the only way for his lawsuit to continue was for Mr. Grant to walk from Springfield, Illinois to Washington, D.C. in 2017;
        4) plotted to assassinate Mr. Grant in Maryland in 2017 while Mr. Grant was trekking to Washington, D.C.
3) An intent to induce reliance:
    a) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense required Mr. Grant to work with Joint Special Operations Command (JSOC) in the basement of the Pentagon from 1990 to 1992 to review the parameters of Mr. Grant's life:
        1) Mr. Grant was to be beaten;
        2) endure psychological warfare;



3) stab Dr. Bill Grant to prevent the Six Known Members of the U.S. Department of Defense from killing Dr. Bill Grant;

4) act as a homosexual for seven (7) years;

5) graduate from high school;

6) graduate from college;

7) obtain employment with the State of Illinois;

8) be retaliated against by officials and employees of the State of Illinois to give cause for the Attorney General of Illinois to appear in Federal court;

9) Mr. Grant was to walk from Springfield, Illinois to Washington, D.C. in 2017 as a condition of Mr. Grant's lawsuit coming to fruition after Mr. Grant's lawsuit was dismissed in 2016 by the Illinois Central District;

b) Gregory K. Harris repeatedly told Mr. Grant from 1992 until 2015, that Mr. Grant would be allowed to live out the remainder of his life, after he had filed suit in 2016;

c) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense gave Mr. Grant their word in the basement of the Pentagon from 1990 until 1992 that if Mr. Grant made it to Federal court, the Six Known Members of the U.S. Department of Defense would allow Mr. Grant to live out his life.

4) Justifiable Reliance by the Plaintiff:

a) Mr. Grant was four (4) years old when Mr. Grant was detained in the basement of the Pentagon for two and a half years;

b) Mr. Grant was "dropped-off (trafficked)" in Springfield, Illinois in 1992 to be:

1) beaten;

2) endure psychological warfare;

3) the U.S. Department of Defense's witness to the 9/11 Terrorist Attacks;

c) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense directed the following in 1992 to not aid Mr. Grant:

1) Federal Bureau of Investigation - Illinois Central District

2) U.S. Attorney's Office - Illinois Central District

3) Springfield Police Department;

4) Sangamon County Sheriff's Office;

5) Sangamon County State's Attorney's Office;

6) Seventh Judicial Circuit Judges; and

7) Illinois Central District Judges;



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

     d) Mr. Grant took James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense at their word that Mr. Grant would be allowed to live his life his lawsuit was completed;

5) Damages:

     a) Mr. Grant has been unlawfully detained by Six Known Members of the U.S. Department of Defense for thirty (30) years;

     b) Mr. Grant has had his U.S. Constitutional rights violated for thirty (30) years;

     c) Mr. Grant has been assaulted;

     d) Mr. Grant was intimidated to act as a homosexual for seven (7) years;

     e) Mr. Grant has endured the most egregious retaliation campaign in response to filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012;

     f) Mr. Grant has been left indigent by the actions of James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris;

     g) The Six Known Members of the U.S. Department of Defense have blocked Mr. Grant's access to judicial remedy by direction Illinois Central District Judges Colin S. Bruce (16-cv-3245 and 17-cv-3261) and Joe Billy McDade (19-cv-3001) and Eastern District of Virginia Judges Claude M. Hilton (19-cv-1228) and Rossie D. Alston Jr. (20-cv-173) to dismiss Mr. Grant's lawsuit;

     h) Gregory K. Harris directed Seventh Judicial Circuit of Illinois Judge Brian T. Otwell (17-MR-754) to dismiss Mr. Grant's lawsuit;

     i) Mr. Grant's requested damages in the amount of $99 Trillion in 19-cv-3001, 19-cv-1228, and 20-cv-173

*See* Eurycleia Partners, LP v. Seward & Kissel, LLp, 12 N.Y. 3d 553, 559 (2009).

*See* Menaco v. New York Univ. Med. Ctr., 213 A.D. 2d 167 (1st Dept. 1995).

*See* Gregor v. Rossi, 120 A.D. 3d 447 (1st Dept. 2014).



Donald J. Trump consented to the Six Known Members of the U.S. Department of Defense directing Illinois Central District Judges: Joe Billy McDade (19-cv-3001) and Eastern District of Virginia (19-cv-1228 and 20-cv-173) to dismiss Mr. Grant's lawsuits.



Donald J. Trump is liable for the actions of Six Known Members of the U.S. Department of Defense under respondeat superior and joint tortfeasor liability.

     *See* Pinkerton v. United States, 328 U.S. 640 (1946).

     *See* Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

     *See* Woods v. Cole, 693 N.E. 2d 333 (Ill. 1998)

JAMES A. BAKER III IS THE MASTERMIND OF THE FEDERAL CONSPIRACY AGAINST MR. GRANT.



Filing # 123194765 E-Filed 03/16/2021 03:12:37 PM



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL ACTION BRANCH

WILLIAM LEE GRANT II
PLAINTIFF



v. DONALD HENRY RUMSFELD
DEFENDANT

### COMPLAINT

## ACTIONS OF REAGAN'S CHIEF OF STAFF (AORCOS) COMPLAINT

(1) MR. GRANT HAS A CLAIM AGAINST JAMES A. BAKER III, WILLIAM PELHAM BARR, SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE, AND DONALD J. TRUMP PURSUANT TO:

Civil Conspiracy
See Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

Retaliatory discharge
See Taylor v. Board of Education of Chicago, 2014 IL App. (1st) 123744

Abuse of process
See Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).

Unlawful restraint
See Florida v. Bostick, 501 U.S. 429 (1991).

False imprisonment
See Heck v. Humphrey, 512 U.S. 477, 484

Predator Protection Act
See 740 ILCS 128/20

Invasion of Privacy
See Green v. Chicago Tribune Co., 675 N.E. 2d 249 (Ill. Ct. App. 1996)

Fraud
See Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

Negligent Entrustment

See Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

Authorized Assault
See Meerbrey v. Marshal Field & Co., 139 Ill. 2d 455 (1990).

See Heskett v. Fisher Laundry & Cleaners Co., 230 S.W. 2d 28 (Ark. 1950).

Intimidation (720 ILCS 5/12-6(a)(1)

"Savings Statute" (735 ILCS 5/13-217)

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY



*See* Adock v. Brakegate, Ltd., 645 N.E.

2d. 888 (1994)

2) Equitable Tolling is applicable:

    a) Mr. Grant was under the threat of military force to not begin his lawsuit until May of 2016;

       *See* Ralda-Sanden v. Sanden, 2013 IL App. (1st) 121117.

       *See* Atwater v. Atwater , 18 Ill. App. 3d 202 (1974).

       *See* Slavis v. Slavis, 12 Ill. App. 3d 467 (1973).

    b) the Illinois Central District Clerk of Court was directed by Six Known Members of the U.S. Department of Defense not enter default (Fed. R. Civ. P. 55(a) against the U.S. Department of Justice and State of Illinois in 16-cv-3245, 17-cv-3261, and 19-cv-3001;

       *See* Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

    c) Illinois Central District Judges: Colin S. Bruce (16-cv-3245 and 17-cv-3261) and Joe Billy McDade (19-cv-3001) dismissed Mr. Grant's lawsuits in the Illinois Central District at the direction of Six Known Members of the U.S. Department of Defense; and

       *See* Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

    d) Seventh Judicial Circuit of Illinois Judge Brian T. Otwell dismissed Mr. Grant's lawsuit (17-MR-754) at the direction of Gregory K. Harris.

       *See* Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238 (1944).

3) Equitable Tolling is applicable under the Continuing Violations Doctrine:

    a) James A. Baker III, President George H.W. Bush's Secretary of the U.S. Department of State and White House Chief of Staff;

    b) William Pelham Barr, President George H.W. Bush's Attorney General of the United States;

    c) Six Known Members of the U.S. Department of Defense;

    d) Gregory K. Harris, agent of Six Known Members of the U.S. Department of Defense, and Assistant U.S. Attorney for the Illinois Central District;



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

e)  officials and employees of the State of Illinois have:

f)  engaged in a thirty (30) year conspiracy of tortious activity towards Mr. Grant beginning in 1990;

g)  Ryan Croke, Deputy Chief of Staff and Chief of Staff to Illinois Governor Patrick J. Quinn joined the conspiracy against Mr. Grant beginning in 2010; and

h)  Patrick J. Quinn, Governor of Illinois from 2009 until 2015 joined the conspiracy against Mr. Grant beginning in 2014.

*See* Field v. First Nat. Bank of Harrisburg, 619 N.E. 2d 1296 (Ill. App. Ct. 1993).

*See* Feltmeier v. Feltmeier, 798 N.E. 2d 75 (Ill. 2003).

*See* Pinkerton v. United States, 328 U.S. 640 (1946).

<u>SAVINGS STATUTE - 735 ILCS 5/13-217</u>

4)  Mr. Grant began his lawsuit in May of 2016 in the Illinois Central District. Mr. Grant's complaint is not time barred pursuant to 735 ILCS 5/13-217 ("Savings Statute").

a)  Illinois Central District Judge Colin S. Bruce (16-cv-3132) dismissed Mr. Grant's complaint declaring Mr. Grant filed his lawsuit in the wrong court in 2016;

b)  Illinois Central District Judge Colin S. Bruce declared in 16-cv-3245 the court lacked in personam jurisdiction;

c)  The Illinois Court of Claims (18cc0946 and 18cc1057) dismissed Mr. Grant's complaints based on jurisdiction in 2018;



d)  District of Nebraska Judge Richard G. Kopf (18-cv-246, 18-cv-247, and 19-cv-559) dismissed Mr. Grant's complaint for improper venue in 2020; and.

e)  Southern District of Texas Judge David S. Morales (20-mc-871) dismissed Mr. Grant's complaint for lack of jurisdiction on December 11, 2020.

5)  Mr. Grant began his lawsuit in May of 2016 in the Illinois Central District (16-cv-3132). Illinois Central District Judge Colin S. Bruce (16-cv-3132) claimed Mr. filed his case in the wrong court.

<u>UNLAWFUL DETAINMENT STATUTE OF LIMITATIONS</u>

6)  Mr. Grant is within the statute of limitations pertaining to the claim of unlawful detainment. James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense lacked probable cause to detain Mr. Grant in Illinois. Mr. Grant is still being unlawfully detained in Illinois by Six Known Members of the U.S.



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY   

Department of Defense. The statute of limitations does not accrue until the unlawful detainment has ceased.

*See* Manuel v. Joliet, 580 U.S. (2017).

7) Mr. Grant's allegations are deemed admitted as true by the U.S. Department of Justice (DOJ) and State of Illinois' default history:

    a) the DOJ and State of Illinois defaulted in 16-cv-3245 and 17-cv-3261 in the Illinois Central District (ILCD);

    b) the DOJ defaulted and failed to appear in 19-cv-3001 in the Illinois Central District;

    c) the State of Illinois defaulted and failed to appear in 18-L-202 in the Seventh Judicial Circuit of Illinois; and



    d) default was entered against the State of Illinois in 20-cv-173 in the Eastern District of Virginia.

    *See* Eckel v Bynum, 240 Ill. App. 3d. 867.

    See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d. 1353, 1357 (S.D. Ga. 2004).

    *See* Nishimatsu Constr. Co. v. Houston Nat. Bank, 515 F. 2d. 1200, 1204 (5th Cir. 1975).

    *See* Descent . Kolitsidas, 396 F. Supp. 2d. 1315, 1316 (M.D. Fla. 2005).

8) The State of Illinois consented to being made a defendant pursuant to: 745 ILCS 5/1 (State Lawsuit Immunity Act).

9) The State of Illinois consented to suit pursuant to: 5 ILCS 430/15-25 (State Officials and Employees Ethics Act - Whistleblower Protection Act - Remedies) .

10) The State of Illinois waived sovereign immunity by consenting to 16-MR-643 being removed from the Seventh Judicial Circuit of Illinois to the Illinois Central District as 16-cv-3245 and 17-cv-3261.

11) Patrick J. Quinn, Governor of Illinois from 2009 until 2015; Ryan Croke, Illinois Governor Patrick J. Quinn's Deputy Chief of Staff and Chief of Staff from 2009 until 2015; and Illinois State Police Trooper Tyler Price are not shielded by sovereign immunity as they demonstrated wilful and wanton disregard for the law of Illinois, and



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

deprived Mr. Grant of his rights as a citizen of the United States under the color and authority of state law.

*See* Johnson v. Lankford, 245 U.S. 541 (1918).

*See* Scheuer v. Rhodes, 416 U.S. 232 (1974).

12) Mr. Grant has a cause of action (Count I) against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for conspiracy:
   a)  thirty (30) years of unlawful detainment and unlawful restraint;
   b)  assault and battery;
   c)  intimidation;
   d)  invasion of privacy;
   e)  unlawful arrest;
   f)  denial of Due Process;
   g)  denial of Equal Protection of The Law; and
   h)  retaliatory discharge.

13) Mr. Grant has a cause of action (Count II) against Patrick J. Quinn and Ryan Croke for conspiracy:
   a)  whistleblower retaliation (5 ILCS 430/15-10);
   b)  retaliatory discharge;
   c)  denial of Due Process; and
   d)  denial of Equal Protection under the Law

14) Mr. Grant has a cause of action (Count III) against Ryan Croke for invasion of privacy.

15) Mr. Grant has a cause of action (Count IV) against Tyler Price for conspiracy:
   a)  Assault and battery;
   b)  Unlawful restraint; and
   c)  denial of due process and equal protection of law.

## BACKGROUND

16) James A. Baker III entered into a conspiracy with William Pelham Barr, and Six Known Members of the U.S. Department of Defense to unlawfully detain Mr. Grant in Illinois for nearly thirty (30) years under threat of military force beginning in 1992.
   a)  Due Process and Equal Protection - Illinois Constitution Article I, Sect. II
   b)  Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);



  c) Unlawful restraint  - *See* Florida v. Bostick, 501 U.S. 429 (1991); and

  d) False imprisonment - *See* Heck v. Humphrey, 512 U.S. 477, 484

17) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense entered into a conspiracy with Illinois Governor James 'Jim' Edgar in 1992 to have the State of Illinois provide employment opportunities ("State jobs") and tuition waivers to individuals who reported the words and actions of Mr. Grant to Gregory K. Harris, and conspired against Mr. Grant at the direction of Gregory K. Harris.

  a) Searches, Seizures, Privacy and Interceptions - Illinois Constitution Article I, Section VI;

  b) Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);

18) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense trafficked Mr. Grant to Springfield, Illinois from the Pentagon in Virginia in 1992, and left Mr. Grant with Dr. Bill Grant and Armenta Johnson to be:

  a) beaten;

  b) endure psychological warfare; and

  c)  the U.S. Department of Defense's Witness to the 9/11 Terrorist Attacks
   *See* 740 ILCS 128/20 (Predator Protection Act).
   *See* Florida v. Bostick, 501 U.S. 429 (1991) - (Unlawful restraint).
   *See* Heck v. Humphrey, 512 U.S. 477, 484 (False Imprisonment).

 EXHIBIT #10

## NEGLIGENT ENTRUSTMENT

19) William Pelham Barr, Attorney General of the United States under President George H.W. Bush negligently entrusted Gregory K. Harris with the power and authority of the Illinois Central District U.S. Attorney's Office and Illinois Central District Federal Bureau of Investigation to conspire against Mr. Grant.

  See Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

RESPONDEAT SUPERIOR

20) William Pelham Barr as a member of the conspiracy with James A. Baker III and Six
Known Members of the U.S. Department of Defense:

    a) placed Gregory K. Harris on the payroll of the Illinois Central District U.S.
Attorney's Office to illegally surveil and conspire against Mr. Grant;

    b) William Pelham Barr directed the Illinois Central District U.S. Attorney's Office
and Illinois Central District Federal Bureau of Investigation to cooperate with
Gregory K. Harris' implementation of the conspiracy masterminded by James A.
Baker III against Mr. Grant;

    c) acquired the cooperation of Illinois Governor James 'Jim' Edgar to acquire the
cooperation of officials and employees of the State of Illinois; and

    d) acquired the cooperation of Illinois Governor James 'Jim' Edgar in providing
Gregory K. Harris with jobs (State of Illinois employment opportunities) and
tuition waivers to distribute to individuals who conspired against Mr. Grant at the
direction of Gregory K. Harris.

    *See* Norskog v. Pfiel, 197 Ill. 2d. 60 (2001).

21) James A. Baker III, William Pelham Barr and Six Known Members of the U.S.
Department of Defense are liable for the unlawful and conspiratorial actions of Gregory
K. Harris against Mr. Grant under respondeat-superior (vicarious liability):

    a) Gregory K. Harris as an agent of Six Known Members of the U.S. Department of
Defense;

    b) Gregory K. Harris took his directions ("orders") from Six Known Members of the
U.S. Department of Defense;

    c) Gregory K. Harris was on the payroll of the Illinois Central District U.S.
Attorney's Office;

    d) Gregory K. Harris was paid through the Illinois Central District U.S. Attorney's
Office "regular" payroll;

    e) Gregory K. Harris was provided office space in the Illinois Central District U.S.
Attorney's Office by William Pelham Barr; and



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

    f)  William Pelham Barr directed the Illinois Central District U.S. Attorney's Office and Illinois Central District Federal Bureau of Investigation to cooperate with Gregory K. Harris' unlawful endeavor;

    g)  William Pelham Barr, James A. Baker III, and Six Known Members of the U.S. Department of Defense acquired to cooperation of Illinois Governor James 'Jim' Edgar;

    h)  William Pelham Barr had the ability to terminate Gregory K. Harris' employment as Attorney General;

    i)  Six Known Members of the U.S. Department of Defense have the ability to terminate Gregory K. Harris' employment through the Attorney General of the United States, and through the Illinois Central District U.S. Attorney.

*See* Merlo v. Public Service Co., 381 Ill. 300, 45 N.E. 2d 665 (1942)

*See* Gundich v. Emerson-Comstock Co., 21 Ill. 2d 117 (1960).

## JOINT TORTFEASORS

22) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense are joint tort-feasors, and as joint tort-feasors are:

    a)  liable for the actions of Gregory K. Harris; and

    b)  liable for the actions of official and employees of the State of Illinois directed by Gregory K. Harris in furtherance of the conspiracy masterminded by James A. Baker III

*See* Woods v. Cole, 693 N.E. 2d 333 (Ill.1998).

## AUTHORIZED ASSAULT

23) James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense authorized the tortious actions of Gregory K. Harris against Mr. Grant.

*See* Collier v. Wagner Castings Co., 408 N.E. 2d 198 (Ill. 1980).

*See* Jablonski v. Multack, 380 N.E. 2d 924 (Ill. App. Ct. 1978).



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

*See* Heskett v. Fisher Laundry & Cleaners Co., 230 S.W. 2d 28 (Ark. 1950).

## ASSAULT AND BATTERY

24) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for civil battery. The elements of civil battery are:

    a) the willful touching of another person;

    b) intended to cause an unpermitted act; and

    c) absence of victim's consent.

*See* Pechan v. Dynapro, Inc., 622 N.E. 2d 108 (Ill. App. Ct. 1993).

25) The Illinois Compiled Statutes defines battery as:

    a) A person commits battery of he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.

        *See* 720 ILCS 5/12-3. Battery

26) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for assault. The elements of assault include:

    a) intentional, unlawful offer of corporal injury by force, or force unlawfully directed;

    b) to create a well-founded fear of imminent peril; and

    c) the apparent present ability to effectuate the attempt if not prevented.

        *See* Parrish v. Donahue, 443 N.E. 2d 786 (Ill. App. Ct. 1982).

27) The Illinois Compiled Statutes defines assault as:

    a) A person commits an assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery.

        *See* 720 ILCS 5/12-1. Assault

28) Gregory K. Harris systematically directed private citizens to engage in assault and battery of Mr. Grant:



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

a) Gregory K. Harris directed Mr. Grant's dentists to drill the enamel off Mr. Grant's teeth beginning in 1992;

b) Gregory K. Harris directed Mr. Grant's optometrist to give Mr. Grant an incorrect prescription lens to diminish Mr. Grant's vision in 1995;

c) Gregory K. Harris directed Mr. Grant's orthodontist to drill the enamel off Mr. Grant's teeth from 1998 to 2000;

d) Gregory K. Harris directed Mr. Grant's chiropractor to break Mr. Grant's shoulder blade in 2012; and

e) Illinois State Police Trooper Tyler Price extracted Mr. Grant's blood without a warrant, the needle penetrating Mr. Grant's body constitutes battery.

*See* Pechan v. Dynapro, Inc., 622 N.E. 2d 108 (Ill. App. Ct. 1993).

*See* Missouri v. McNeely, 569 U.S. 141 (2013).

## SEXUAL ASSAULT

29) Alan D. Brents and Larissa M. Young drugged and sexually assaulted Mr. Grant in 2003 at the direction of Gregory K. Harris.

30) Thomas W. Coats and Justin Cajindos drugged and sexually assaulted Mr. Grant in June of 2014 at the direction of Gregory K. Harris.

## INTIMIDATION - 720 ILCS 5/12-6(a)(1)

31) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for intimidation.

32) Mr. Grant was intimidated by the Six Members of the U.S. Department of Defense to stab Dr. Bill Grant in 2002 under threat if Mr. Grant did not comply, Six Known Members of the U.S. Department of Defense would send a Special Operations Soldier (Black OPs Soldier) to kill Dr. Bill. Grant.

*See* 720 ILCS 5/12-6(a)(1) - Intimidation

*See* Adock v Brakegate, Ltd., 645 N.E. 2d. 888 (1994) - Civil Conspiracy

33) Gregory K. Harris undermined Mr. Grant's legal defense in 2003 for domestic battery as a result of Mr. Grant stabbing Dr. Bill Grant by colluding with Mr. Grant's lawyers (Rudolph M. Braud and Michael J. Drake).



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

*See* Due Process and Equal Protection Illinois Const. Article I, Sect. II

*See* Adock v. Brakegate, Ltd., 645 N.E. 2d. 888 (1994) - Civil Conspiracy

34) Mr. Grant was intimidated to act as a homosexual for seven (7) years under threat of rape communicated by Gregory K. Harris and Six Known Members of the U.S. Department of Defense. Mr. Grant was intimidated (forced) to act as a homosexual from Decemer 9, 2008 until May of 2016.

*See* Due Process and Equal Protection Illinois Const. Article I, Sect. II

*See* 720 ILCS 5/12-6(a)(1) - Intimidation

## DRIVING UNDER THE INFLUENCE (DUI) CHARGES

35) In 2009, Gregory K. Harris, Six Known Members of the U.S. Department of Defense, Illinois State Police Trooper Tyler Price "set-up" Mr. Grant for a Driving Under the Influence (DUI) charge to "strip" Mr. Grant of driver's license with the consent of Illinois Governor Patrick J. Quinn, and Acting-Director of the Illinois State Police, Jonathon Monken.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection Illinois Const. Article I, Sect. II

36) In 2009, Illinois State Police Trooper Tyler Price "stopped" Mr. Grant for an alleged improper lane change:

    a)  Illinois State Police Trooper Tyler Price failed to mirandize Mr. Grant;

    b)  Illinois State Police Trooper Tyler Price failed to obtain a warrant to draw Mr. Grant's blood; and

    c)  Illinois State Police Trooper Tyler Price issued Mr. Grant multiple DUI tickets stemming from one 2009 traffic stop.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II; and

*See* Self-Incrimination and Double Jeopardy - Illinois Const. Article I, Sec. X.

37) The Sangamon County State's Attorney's Office filed multiple DUI cases against Mr. Grant stemming from one 2009 traffic stop at the direction of Gregory K. Harris.



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

38) Gregory K. Harris undermined Mr. Grant's legal defense by colluding with Mr. Grant's lawyers (Patrick T. Timoney and Sharp & Harmon):

    a)   Illinois State Police Trooper Tyler Price failed to mirandize Mr. Grant;

    b)   Illinois State Police Trooper Tyler Price failed to obtain a warrant to draw Mr. Grant's blood;

    c)   Illinois State Police Trooper Tyler Price issued Mr. Grant multiple DUI tickets stemming from one 2009 traffic stop; and

    d)   The Sangamon County State's Attorney's Office filed multiple DUI cases against Mr. Grant stemming from one 2009 traffic stop.

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II; and

*See* Self-Incrimination and Double Jeopardy - Illinois Const. Article I, Sec. X.

39) Patrick T. Timoney and Sharp & Harmon refused/failed to file a Motion to Dismiss Mr. Grant's DUI charges for a lack of evidence at the direction of Gregory K. Harris.

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994);

40) Mr. Grant has a cause of action against Illinois State Police Trooper Tyler Price for assault and battery for drawing Mr. Grant's blood without a warrant.

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

*See* 720 ILCS 5/12-1. Assault.

*See* 720 ILCS 5/12-3. Battery.

*See* Missouri v. McNeely, 569 U.S. 141 (2013).

41) Mr. Grant was sober during his 2009 traffic stop with Illinois State Police Trooper Tyler Price.

42) Illinois State Police Trooper Tyler Price issued Mr. Grant the following traffic tickets from one 2009 traffic stop, and the Sangamon County State's Attorney's Office opened the following cases against Mr. Grant based on one 2009 traffic stop.

| Case No. | Judge | Ticket Number | File Date | Offense | Case Type | Status | Statute |
|----------|-------|---------------|-----------|---------|-----------|--------|---------|
|          |       |               |           |         |           |        |         |



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

| 10-DT-000030 | Madonia | 6248585 | 12/29/09 | DUI/BAC 0.08 | DUI | Disp. | None |
|---|---|---|---|---|---|---|---|
| 10-DT-001754 | Otwell | 6247601 | 11/30/09 | DUI | DUI | Disp. | 625 ILCS 5/11-501(a)(2) |
| 09-TR-047110 | N/A | 6247603 | 11/30/09 | Improper Turn at Intersection | DUI | Disp. | 625 ILCS 5/11-801 |
| 09-TR-047111 | N/A | 6247602 | 11/30/09 | Improper Traffic Lane Usage | DUI | Open | 625 ILCS 5/11-709(a) |
| 09-TR-047112 | N/A | 6247605 | 11/30/09 | Registration Light | DUI | Open | 625 ILCS 5/12-201(c) |
| 09-TR-047113 | N/A | 6247604 | 11/30/09 | Headlight Violation | DUI | Open | 625 ILCS 5/12-211(a) |

## ILLINOIS DEPARTMENT OF PUBLIC HEALTH INTERNSHIP

43) In 2009, Mr. Grant accepted an internship with the Illinois Department of Health (IDPH),
during Mr. Grant's tenure at the IDPH, Mr. Grant's supervisors (Veronica Holloway and
Doris Turner) habitually reported the words and actions of Mr. Grant to Gregory K.
Harris.

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).



## OFFICE OF THE ILLINOIS GOVERNOR INTERNSHIP

44) In 2010, Mr. Grant accepted an internship with the Office of the Illinois Governor.

45) In 2010, Ryan Croke, Illinois Governor Patrick J. Quinn's Deputy Chief of Staff, entered
into a conspiracy with Gregory K. Harris to report the words and actions of Mr. Grant to
Gregory K. Harris.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI;

46) At the direction of Gregory K. Harris, Ryan Croke recruited other officials and
employees of the State of Illinois to report the words and actions of Mr. Grant to Ryan
Croke and Gregory K. Harris.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

## OFFICE OF THE ILLINOIS LIEUTENANT GOVERNOR

EXHIBIT
#3

47) In 2011, Mr. Grant accepted employment with the Office of the Illinois Lieutenant
Governor as a Policy Analyst. Mr. Grant was hired by Deirdre 'D.K.' Hirner.

48) Deirdre 'D.K.' Hirner entered into a conspiracy in 1992 with Six Known Members of the
U.S. Department of Defense to hire Mr. Grant in the future.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

49) In 2011, at the direction of Gregory K. Harris, D.K. Hirner slandered Mr. Grant
throughout the Illinois Capitol Complex labeling and leading others to believe Mr. Grant
was:

    a) a drug addict;

    b) a child molestor;

    c) an alcoholic;

    d) using illegal substances in the office; and

    e) incompetent.

## ILLINOIS DEPARTMENT OF TRANSPORTATION

50) In 2012, Mr. Grant accepted employment with the Illinois Department of Transportation
(IDOT). Mr. Grant was hired by the IDOT as a Staff Assistant (Technical Manager II).

51) Ann L. Schneider, Secretary of the IDOT, entered into an agreement with Six Known
Members of the U.S. Department of Defense in 1992 to hire Mr. Grant in the future.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Searches, Seizures, Privacy and Interceptions - Illinois Const. Article I, Sect. VI.

52) Mr. Grant's supervisors and co-workers at the IDOT entered into a conspiracy with
Gregory K. Harris to report the words and actions of Mr. Grant to Gregory K. Harris, and
to "set-up" Mr. Grant for termination.

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

53) In 2012, Mr. Grant was intimidated to file a civil rights complaint, or be physically accosted in the IDOT Hanley facility in Springfield, Illinois, and be accused of initiating a physical altercation.

*See* 720 ILCS 5/12-6(a)(1) - Intimidation.

54) Furthermore, prior to Mr. Grant filing a civil rights complaint with the IDOT, Mr. Grant was threatened by his supervisor, Donald K████████, that if he filed a civil rights complaint, Mr. Grant would be retaliated against in multiple capacities.

*See* 720 ILCS 5/12-6(a)(1) - Intimidation.

*See* 5 ILCS 430/15-10 - Whistleblower Protection.

55) Mr. Grant was retaliated against by officials and employees of the State of Illinois for filing an ethics complaint with the Office of the Executive Inspector General (OEIG), and a civil rights complaint with the Illinois Department of Transportation in 2012.

*See* 5 ILCS 430/15-10 - Whistleblower Protection.

*See* Adcock v. Brakegate, Ltd., 645 N.E. 2d. 888 (1994).

56) Mr. Grant endured a hostile work environment, work products being sabotaged, a negative performance evaluation, slander, geographic relocation, being assigned job tasks below Mr. Grant's pay grade, multiple attempts to "set-up" Mr. Grant for drug possession, a rescinded promotion, and multiple attempts to "set-up" Mr. Grant for wrongful termination.

*See* Whistleblower Protection Act (5 ILCS 430/15-25).

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

## OFFICE OF THE ILLINOIS ████████ GOVERNOR

EXHIBIT # 7
EXHIBIT # 8



57) In November of 2014, Mr. Grant was being laid-off by IDOT as part of a material reorganization. Mr. Grant accepted employment with the Office of the Illinois Governor.

58) Governor of Illinois in 2014, Patrick J. Quinn, consented to Ryan Croke, Patrick J. Quinn's Chief of Staff, not adding Mr. Grant to the Illinois Governor's Office payroll in

COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY ██

2014 as retaliation for Mr. Grant filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012.

*See* Whistleblower Protection Act (5 ILCS 430/15-25).

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

59) Governor of Illinois in 2014, Patrick J. Quinn, consented to his Chief of Staff (Ryan Croke) and campaign Manager (Cheryl Byers) directing officials and employees of the Illinois Department of Employment Security to wrongfully deny Mr. Grant Federal unemployment benefits as retaliation for Mr. Grant filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012.

EXHIBIT #5 ▅

*See* Whistleblower Protection Act (5 ILCS 430/15-10).

*See* Civil Conspiracy - *See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

60) In 2015, Mr. Grant found himself BLACKLISTED by Patrick J. Quinn, Ryan Croke, Cheryl Byers, Gregory K. Harris, and Six Known Members of the U.S. Department of Defense.

## THOMAS W. COATS AGENT OF RYAN CROKE AND GREGORY K. HARRIS

61) Thomas W. Coats entered into a conspiracy with Ryan Croke and Gregory K. Harris to report the words and actions of Mr. Grant to Gregory K. Harris and Ryan Croke beginning in 2010.

62) Thomas W. Coats slandered Mr. Grant to officials and employees of the State of Illinois claiming/leading others/implying to others Mr. Grant is:

    a) a drug addict;

    b) a child molester;

    c) an alcoholic;

    d) using illegal substances in the office; and

    e) incompetent.

63) Thomas W. Coats vandalized Mr. Grant's automobile in 2013 in Chicago, Illinois at the direction of Gregory K. Harris.





COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

64) Thomas W. Coats attempted to "set-up" Mr. Grant for drug possession, theft, wrongful termination, and sexual assault.

*See* Whistleblower Protection Act (5 ILCS 430/15-10).

*See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

65) Thomas W. Coats and Justin Cajindos sexually assaulted Mr. Grant in June of 2014 at the direction of Gregory K. Harris.

66) Thomas W. Coats and Michael Ziri (employee of the State of Illinois) attempted to "set-up" Mr. Grant for sexual assault of an Federal Bureau of Investigation employlee near the conclusion of 2014.

67) Thomas W. Coats took his instructions ("orders") from Ryan Croke and Gregory K. Harris.

## CONSPIRACY

68) Mr. Grant has a cause of actions against James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, Gregory K. Harris, Patrick J. Quinn, Ryan Croke, Tyler Price, and Thomas W. Coats for conspiracy. The elements of conspiracy are:

    a) a conspiracy;

    b) a purpose to deprive any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the law;

    c) an act by one of the the conspirators in furtherance of the conspiracy, and

    d) a personal injury, injury to property, or a deprivation of any right or privilege of a citizen of the United States.

*See* Adcock v. Brakegate, Ltd.,645 N.E. 2d. 888 (1994).

*See* Griffin v Breckenridge, 403 U.S. 88 102-103 (1971).

## UNLAWFUL SEIZURE / UNLAWFUL DETAINMENT / UNLAWFUL IMPRISONMENT

69) Mr. Grant has a cause of action against the defendants, James A. Baker III, William Pelham Barr, and Six Known Members of the U.S. Department of Defense for unlawful seizure, unlawful detainment, and unlawful imprisonment:



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

    a)  James A. Baker III, Frank Carlucci, and Caspar Weinberger unlawfully detained Mr. Grant at Air Force Systems Command for three weeks in July of 1990;

    b)  James A. Baker III and Six Known Members of the U.S. Department of Defense detained Mr. Grant in the basement of the Pentagon in Virginia from 1990 until 1992;

    c)  James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense detained Mr. Grant in Illinois from 1992 until the present under threat of military force;

    d)  James A. Baker III, William Pelham Barr, Six Known Members of the U.S. Department of Defense, and Gregory K. Harris have detained Mr. Grant in Illinois for nearly thirty (30) years without legal authority

    e)  The detention of Mr. Grant has been without Mr. Grant's consent.
       *See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.
       *See* Searches, Seizures, Privacy and Interceptions - Ill. Const. Article I, Sect. VI.
       *See* Brower v County of Inyo, 489 U.S. 593 (1989).

## RETALIATORY DISCHARGE

70) Mr. Grant has a cause of action against defendants, Patrick J. Quinn, Ryan Croke, and the Office of the Illinois Governor for retaliatory discharge:

    a)  Patrick J. Quinn and Ryan Croke terminated (failure to add to payroll) Mr. Grant's employment with the State of Illinois as retaliation for Mr. Grant filing two complaints with the State of Illinois in 2012;

    b)  Patrick J. Quinn and Ryan Croke terminated (failed to add to payroll) Mr. Grant in 2014 in direct violation of the Illinois Whistleblower Protection Act (5 ILCS 430/15-25); and

    c)  the Illinois Whistleblower Protection Act is a clearly mandated public policy.
    *See* Fellhauer v. City of Geneva, 142 Ill. 2d. 495 (1991).
    *See* Kelsay v. Motorola, 74 Ill. 2d. (1978).



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

71) Patrick J. Quinn is liable (respondeat-superior) for Ryan Croke's failure to add Mr. Grant
to the payroll of the Illinois Governor's Office in 2014 as retaliation for Mr. Grant filing
a civil rights complaint and an ethics complaint with the State of Illinois in 2012.
*See* Merlo v. Public Service Co., 381 Ill. 300, 45 N.E. 2d 665 (1942).
*See* Gundich v. Emerson-Comstock Co., 21 Ill. 2d 117 (1960).
*See* Woods v. Cole, 693 N.E. 333(Ill. 1998).

72) Patrick J. Quinn is liable for Ryan Croke and Cheryl Byers directing officials and
employees of the Illinois Department of Employment Security to deny Mr. Grant Federal
unemployment benefits as retaliation for Mr. Grant filing an ethics complaint and a civil
rights complaint with the State of Illinois in 2012.
*See* Merlo v. Public Service Co., 381 Ill. 300, 45 N.E. 2d 665 (1942)
*See* Gundich v. Emerson-Comstock Co., 21 Ill. 2d 117 (1960).
*See* Woods v. Cole, 693 N.E. 333 (Ill. 1998).

73) The Six Known Members of the U.S. Department of Defense directed Illinois
Department of Employment Security Administrative Law Judge John Schellenberg to
deny Mr. Grant Federal unemployment benefits to cause:

   a) Mr. Grant financial hardship;

   b) To leave Mr. Grant without income as Mr. Grant searched for employment in
   2015; and

   c) Mr. Grant to enter Federal court without financial resources requiring:

      1) Mr. Grant to file his lawsuit as a poor person seeking leave to proceed in
      forma pauperis; and

      2) Mr. Grant's lawsuit to receive additional scrutiny by a judge for screening
      of frivolity.

*See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).

74) Mr. Grant has a cause of action against James A. Baker III, William Pelham Barr, and Six
Known Members of the U.S. Department of Defense for abuse of process. The Six
Known Members of the U.S. Department of Defense have directed courts across the
country to dismiss Mr. Grant's lawsuit.

*See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).
*See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

75) The Six Known Members of the U.S. Department of Defense directed the Illinois Central District to dismiss Mr. Grant's lawsuit in 2016:

    a) to force Mr. Grant to walk from Springfield, Illinois to Washington, D.C. in 2017;

    b) the Six Known Members of the U.S. Department of Defense attempted to assassinate Mr. Grant in Maryland in 2017;

    c) in an attempt to prevent the conspiracy against Mr. Grant from coming to light; and

    d) to save the defendants from paying damages to Mr. Grant.

        *See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).
        *See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

76) The Six Known Members of the U.S. Department of Defense directed Federal courts across the country to dismiss Mr. Grant's lawsuit to:

    a) force Mr. Grant to refile his lawsuit in multiple Federal district courts;

    b) force Mr. Grant to file suit in more than Forty (40) Federal courts;

    c) shield the Six Known Members of the U.S. Department of Defense from being sued for libel given the contents of Mr. Grant's multiple lawsuits contain details of fraud and corruption within the Federal government, and court dockets are a matter of public record.

        *See* Nieman v. Versuslaw, 512 F. App. 'x 635 (7th Cir. 2013).

        *See* Holiday Magic, Inc. v. Scott, 282 N.E. 2d 452 (IL App. Ct. 1972).
        *See* Due Process and Equal Protection - Illinois Const. Article I, Sect. II.

## WHISTLEBLOWER PROTECTION ACT (5 ILCS 430/15-25)

77) Mr. Grant's claim pursuant to the Whistleblower Protection Act (5 ILCS 430/15-25):

    a) The State of Illinois took retaliatory action against Mr. Grant in response to Mr. Grant filing an ethics complaint and a civil rights complaint with the State of Illinois in 2012;

    b) The retaliatory actions of the State of Illinois continued with Patrick J. Quinn and Ryan Croke not adding Mr. Grant to the Illinois Governor's Office payroll in 2014;



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

    c) Ryan Croke and Cheryl Byers with the consent of Patrick J. Quinn directed officials and employees of the Illinois Department of Employment Security to deny Mr. Grant Federal unemployment benefits as retaliation for Mr. Grant filing two complaints with the State of Illinois in 2012;

    d) In 2015, Mr. Grant found himself BLACKLISTED by officials and employees of the State of Illinois at the direction of Cheryl Byers, Ryan Croke, Patrick J. Quinn, Gregory K. Harris, and Six Known Members of the U.S. Department of Defense;

    e) Mr. Grant's Whistleblower Protection Act (5 ILCS 430/15-25) claim is not barred by the statute of limitations;

    f) Mr. Grant's state law claims were removed to Federal court in 2016, and while a case is pending in Federal court, the statute of limitations is tolled; and

    g) Mr. Grant's lawsuit has been pending in Federal court for four (4) years.

*See* Artis v District of Columbia, 135 A. 3d 334).

78) The City of Springfield (Illinois), Illinois Department of Transportation (IDOT), Office of the Illinois Governor, and State of Illinois have a history of engaging in conspiracies:

    a) Whitlow v. Martin, 719 F. Supp. 2d 983 (C.D. 2010);

    b) Tamayo v. Blagojevich, 526 F. 3d 1074, 1086 (7th Cir. 2008);

    c) Renatta Frazier v. Harris (City of Springfield);

    d) Tammy Duckworth, Illinois Department of Veterans Affairs

79) <u>Six Known Members of the U.S. Department of Defense</u>

Caspar Weinberger, Secretary of Defense
Frank Carlucci, Secretary of Defense
James N. Mattis, Secretary of Defense
JOSEPH F. DUNFORD, Chairman of the Joint Chiefs of Staff
John F. Kelly
Mark Esper, Secretary of Defense
WILLIAM HOWARD TAFT IV, DEPUTY SECRETARY OF DEFENSE

80) <u>Mr. Grant's Witnesses</u>

Michael J. Madigan
Jesse White
Emil Jones
Barack H. Obama
ILLINOIS STATE POLICE



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

81) Forty-one (41) Federal courts have not found Mr. Grant's allegations to be:

28 USC 1915(e)(2)(B)(i) - is frivolous or malicious;

28 USC 1915(e)(2)(B)(ii) - fails to state a claim on which relief may be granted; or

28 USC 1915(e)(2)(B)(iii) - seeks monetary relief against a defendant who is immune from such relief.

82) Mr. Grant seeks $▇▇▇▇▇▇▇ in damages.

$ 99,000,000,000,000.00

3/15/2021

William Lee Grant II
901 Wythe Road
Springfield, Illinois 62702
(217)726-5269



COMMITTEE ON TRANSNATIONAL THREATS
OPERATION: HOMETOWN GLORY

83) RES JUDICATA IS NOT APPLICABLE:

    a) MR. GRANT'S LAWSUIT HAS NOT BEEN DECIDED ON THE MERITS;

        i) THE ILLINOIS CENTRAL DISTRICT CLERK OF COURT FAILED TO ENTER DEFAULT (FED. R. CIV. P. 55(a) ■ IN 16-CV-3245, 17-CV-3261, AND 19-CV-3001 AT THE DIRECTION OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE;

        ii) ■ ILLINOIS CENTRAL DISTRICT JUDGES: COLIN S. BRUCE (16-CV-3245 AND 17-CV-3261) AND JOE BILLY MCDADE (19-CV-3001) DISMISSED MR. GRANT'S LAWSUIT AT THE DIRECTION OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE;

        iii) ■■■■ SEVENTH JUDICIAL CIRCUIT OF ILLINOIS JUDGE BRIAN T. OTWELL (17-MR-754) DISMISSED MR. GRANT'S LAWSUIT AT THE DIRECTION OF GREGORY K. HARRIS;

        iv) EASTERN DISTRICT OF VIRGINIA JUDGES: CLAUDE M. HILTON (19-CV-1228) AND ROSSIE D. ■■■■■ ALSTON JR. (20-CV-173)■ DISMISSED MR. GRANT'S LAWSUITS AT THE DIRECTION OF SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT OF DEFENSE

    b) SECOND SUIT INVOLVING THEIR PARTIES OR PRIVIES:

        i) MR. GRANT BROUGHT SUIT AGAINST THE ■ DEPARTMENT OF JUSTICE AND STATE OF ILLINOIS IN 16-CV-3245 AND 17-CV-3261;



30

ii) MR. GRANT BROUGHT SUIT AGAINST THE
U.S. DEPARTMENT OF DEFENSE IN 19-CV-3001.

iii) MR. GRANT BROUGHT SUIT AGAINST THE
CENTRAL INTELLIGENCE AGENCY AND SPECIAL
COLLECTION SERVICE IN 19-CV-1228 AND
20-CV-173

C) BASED ON THE SAME CAUSE OF ACTION:
i) MR. GRANT HAS NOT PREVIOUSLY BROUGHT A CLAIM
UNDER 18 USC 1595 - PEONAGE, SLAVERY, AND
HUMAN TRAFFICKING;
ii) MR. GRANT HAS NOT PREVIOUSLY FILED STATE
LAW CLAIMS AGAINST INDIVIDUALS, EXCEPT
RICHARD ABEL KABAKER.

SEE HAZEL-ATLAS GLASS CO. v HARTFORD-EMPIRE
CO., 322 U.S. 238 (1944).

84) EASTERN DISTRICT OF VIRGINIA JUDGE
ROSSIE D. ALSTON JR. (20-CV-173) DISMISSED
MR. GRANT'S LAWSUIT IMPROPERLY INVOKING
RES JUDICATA.
EXHIBIT #9

85) EASTERN DISTRICT OF VIRGINIA JUDGE      Well It 1/27/2021
ROSSIE D. ALSTON JR. (20-CV-173) DISMISSED MR.
GRANT'S LAWSUIT AT THE DIRECTION OF
SIX KNOWN MEMBERS OF THE U.S. DEPARTMENT
OF DEFENSE. EXHIBIT #9

86) GREGORY K. HARRIS DIRECTED SEVENTH JUDICIAL
CIRCUIT OF ILLINOIS JUDGE BRIAN T. OTWELL
(17-MR-754) TO DISMISS MR. GRANT'S
LAWSUIT.

Well It 2/23/2021
Well It 3/13/2021

(31)

EXHIBIT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WILLIAM LEE GRANT II,          )
                               )
        Plaintiff,             )
                               )
    v.                         )
                               )        Civil Action No. 1:20-cv-00173 (RDA-IDD)
CENTRAL INTELLIGENCE AGENCY,   )
    et al.,                    )
                               )
                               )
        Defendants.            )

**ORDER**

It appears from the record that Defendant State of Illinois ("State of Illinois") is in default and that Plaintiff William Lee Grant has obtained an entry of default against the State of Illinois from the Clerk pursuant to Federal Rule of Civil Procedure 55(a). The Clerk has entered default against the State of Illinois. Dkt. 19.

Accordingly, it is hereby ORDERED that Plaintiff is directed to file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) and an accompanying memorandum setting forth the factual and legal support for findings that (a) this Court has subject matter and personal jurisdiction, including how the defaulting Defendant was served and why that service was proper; (b) the Complaint alleges facts establishing all the necessary elements of one or more claims on which relief can be granted; and (c) Plaintiff can receive the damages and relief sought, with specific references to affidavits, declarations, or other evidence supporting such relief.

It is further ORDERED that Plaintiff file a Notice setting a hearing on the motion for default judgment for 10:00 a.m. on Friday, September 18, 2020, before the Magistrate Judge to whom this action is referred. Plaintiff is also directed to mail copies of the notice, motion, and

GRANT v RUMSFELD          EXHIBIT #1

memorandum to the defaulting Defendant at the Defendant's last known address, certifying the same to the Court.

The Clerk is directed to forward a copy of this Order to counsel of record who is directed to forward this Order to the Defendant.

It is SO ORDERED.

Alexandria, Virginia
August 24, 2020

/s/

Rossie D. Alston, Jr.
United States District Judge

2

EXHIBIT IN SUPPORT OF COMPLAINT





STATE OF ILLINOIS
## OFFICE OF THE GOVERNOR
SPRINGFIELD, ILLINOIS 62706

**Pat Quinn**
GOVERNOR

August 3, 2010

Re: William Grant

To Whom It May Concern,

It is my pleasure to provide this letter of recommendation for William Grant. I am currently William's direct supervisor in Governor Pat Quinn's Office of Citizen Action. He has been an intern here since June 2010.

As a Constituent Affairs intern, William was responsible for managing constituent phone calls, opening and responding to letters, occasionally drafting public documents such as proclamations and newsletter articles and working on projects related to constituent outreach. He had the opportunity to become very familiar with state government and developed a solid understanding of the functions of many of the State agencies under the purview of the Governor.

Throughout the summer, he also managed the valedictorian celebration at the 2010 State Fair, which is an annual event attended by high school valedictorians throughout the state, as well as the Governor. He managed this project on his own and was solely responsible for the logistics of this major event as well as communicating with all participants.

William has been a very valuable asset not only to the Governor's Office of Citizen Action, but was helpful in other units within the Governor's Office as well. He is a team player and I believe he will be a great addition to your office. I do not hesitate to offer my recommendation.

Sincerely,

Donna Dalton
Director of Constituent Affairs

93

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

GRANT v RUMSFELD          EXHIBIT #2

EXHIBIT IN SUPPORT OF COMPLAINT



**SHEILA SIMON**
LIEUTENANT GOVERNOR
STATE OF ILLINOIS

GRANT v RUMSFELD
EXHIBIT #3

December 2, 2011

Re: Will Grant

Dear Friends,

It is with some sadness that I recommend Will Grant for your consideration as an employee. I am sad to do so because I will miss him on my staff.

Will has worked on my staff for almost a year now, and I have benefitted greatly. He is open and engaging, traits which make him such a good person for the constituent contact he has on a daily basis. In addition to doing his work well, Will has the extra quality of being good to work with. I have consistently enjoyed my interactions with Will, whether it has been about the needs of constituents or about his crazy vegetable diet.

I should also add, because of our history as a state, Will should not be given any special consideration based on political connections or my recommendation. I write this letter as one employer to another employer. I ask that you consider Will and all of his qualifications, and I believe both you and he will be well served.

Thanks, and please feel free to call me if you have any questions.

Sincerely,

Sheila Simon
Lt. Governor of Illinois

Unofficial Copy Official Records Harris County District Clerk

IDOT
District 9 Headquarters
Carbondale, IL 62903
Phone: (618) 529-0452
Fax: (618) 529-5455

214 State House
Springfield, IL 62706
Phone: (217) 558-3085
Fax: (217) 558-3094
TTY : 1-800-883-7110

JRTC, 16-200
Chicago, IL 60601
Phone: (312) 814-5240
Fax: (312) 814-5228

Printed on Recycled Paper

AMENDED COMPLAINT
16-CV-3245

RECORDER'S MEMORANDUM OPERATION: HOMETOWN GLORY
This instrument is of poor quality
at the time of imaging

EXHIBIT IN SUPPORT OF COMPLAINT

GRANT

BAKER



**STATE OF ILLINOIS**
**OFFICE OF THE GOVERNOR**
SPRINGFIELD, ILLINOIS 62706

**Pat Quinn**
GOVERNOR

December 21, 2014

To Whom It May Concern:

I am pleased to recommend Will Grant for employment. I have always known Will to be a skilled and dedicated public servant for the State of Illinois. His innate interpersonal skills and work ethic have earned him the respect and confidence of his colleagues.

Will is highly organized, mission oriented, and hard working. Will has proven himself to be an essential team member, and I am confident he will continue to be just that with his future employers.

I am certain that he will be an asset and make great contributions to your organization. If you have any additional questions regarding Will's experience or abilities, please do not hesitate to contact me.

Sincerely,

Ryan Croke
Chief of Staff
(847) 271-7926

97

AMENDED COMPLAINT
16-CV-3245

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

OPERATION: HOMETOWN GLORY
GRANT v RUMSFELD
EXHIBIT #4

GRANT & RUMSFELD
EXHIBIT IN SUPPORT OF COMPLAINT

**Illinois Department of Employment Security**
Appeals - Springfield
607 East Adams, 9th Floor
Springfield, IL 62701
Phone: (800) 244-5631 · TTY: (888) 205-3145
www.ides.illinois.gov

WILLIAM L. GRANT
901 WYTHE RD
SPRINGFIELD, IL 62702-3428

| | |
|---|---|
| Date Mailed: | 03/10/2015 |
| Claimant ID: | 2703013 |
| Docket Number: | 1506989 |
| Appeal Filed Date: | 02/03/2015 |
| Date of Hearing: | 03/06/2015 |
| Type of Hearing: | Telephone |
| Place of Hearing: | Springfield |

## Administrative Law Judge's Decision

(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con el Centro de Servicio al Reclamante al (800) 244-5631)

**Claimant Appellant**
WILLIAM L. GRANT
901 WYTHE RD
SPRINGFIELD, IL 62702-3428

**Employer**
DEPT OF TRANSPORTATION DEPT OF
TRANSPORTATION
2300 S DIRKSEN PKWY
SPRINGFIELD, IL 62764-0001

**Appearances/Issues/Employer Status:** The claimant and employer appeared and testified. Whether the Claimant left work voluntarily without good cause attributable to the employer. See 820 ILCS 405/601A. The employer is a party to the appeal.

**Findings of Fact:** The claimant worked for the employer as a technical manager/staff assistant in the legal department. He was paid about $47,500 a year, began in 2012 and last worked on or about October 27, 2014. The claimant was advised in August of 2014 that the employer was going to lay him off at the end of September. The union filed a lawsuit and the layoff was postponed until the end of October of 2014. The claimant was then advised the layoff has been postponed indefinitely. The claimant was on a month to month lease. The landlord did not renew the lease for the month of November. The claimant returned to his hometown area in Springfield, stopped reporting to his Chicago employer work location and attempted to get a transfer through the Governor's office. The claimant reported to the Governor's office in constituent services in November and turned in time sheets for November 6, 7, and 10, 2015. The claimant was not paid and there was subsequent contact with this employer regarding pay and his work status. The claimant was ultimately not paid by the employer given he was not working for the employer and was not on its jobsite. The claimant submitted a resignation to the employer on November 21, 2014 effective November 5, 2014. The claimant did not submit any more times sheets to the Governor's office and on or about December 3, 2014 was advised a transfer was not approved there.

**Conclusion:** 820 ILCS 405/601A provides that an individual shall be ineligible for benefits for the weeks in which he has left work voluntarily without good cause attributable to the employing unit and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks.

The claimant quit his job in Chicago primarily due to issues with his living arrangements. There was also evidence he sought and believed he may have had another job. While the claimant may have had a good reason to quit, the leaving was not attributable to the employer as the employer did not materially change the terms of the working agreement. There was not sufficient evidence to support a finding of an exemption. The claimant was not hired at the Governor's office and was not paid any wages. While he testified that he worked at the Governor's office for a month, the claimant only submitted approximately three days of time sheets for payment (none of which were honored). The claimant is disqualified for benefits under Section 601A of the Act.

**Decision:** The Local Office Determination is AFFIRMED. Pursuant to 820 ILCS 405/601A, the claimant is disqualified for benefits. The claimant is not eligible for benefits from 11/30/2014.

JOHN SCHELLENBERG, Administrative Law Judge
Appeals - Springfield
Fax: (309) 671-3121

L11L                              Page 1 of 2                              APL011L

MR. GRANT QUALIFIED FOR FEDERAL UNEMPLOY-
MENT BENEFITS PURSUANT TO: 820 ILCS 405/601(B)(2).

AMENDED COMPLAINT
16-CV-3245

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

OPERATION: HOMETOWN GLORY
GRANT
RUMSFELD

EXHIBIT #5

EXHIBIT IN SUPPORT OF COMPLAINT          p. 9

EXHIBIT #5

State of Illinois
Department of Employment Security
www.ides.illinois.gov



**Request for Reconsideration of Claims Adjudicator's Determination and,
if applicable, Appeal to the Referee**

Claimant Information:

Last Name: Grant                    First Name: William          MI: L

ID or SSN: 2703013

(Este es un documento importante. Si usted necesita un intérprete, póngase en contacto con su oficina local.)

The reconsideration process is governed by section 703 of the Illinois Unemployment Insurance Act and 56 Ill. Adm. Code 2720.160 Reconsidered Finding or Determination. If your Request for Reconsideration becomes an Appeal as a result of the reconsideration process, your case will be forwarded to the appeals unit.

*If you need additional space, please use the other side of this document, if appropriate, or attach a separate sheet of paper.*

Appellant: (Check One)  ☑ Claimant      ☐ Employer (Employer, please provide Company Name and Account #)

Name.                              Account #

**Section A: Reason for Request for Reconsideration**

I disagree with the claims adjudicator's determination dated  01/21/2015 , regarding Issue 009 601A-Voluntary Leaving
_____ because:    (Give all your reasons and facts)

I was informed by the Illinois Department of Transportation (IDOT) that I was to be laid-off under a "material reorganization" for holding the position of Staff Assistant.

I was offered employment by the Office of the Illinois Governor. I worked for the Office of the Illinois Governor from November 6, 2014 to December 3, 2014.

According the the rules of the Illinois Department of Employment Security, the evidence shows that I did not lose employment through any fault of my own. I accepted a bona fide offer of employment in good faith.

Please refer to Attachment A for my list of reasons and facts for a Request for Reconsideration and an Appeal. Please refer to Attachments B through E for supporting documentation.

* Note to claimant: You must continue to certify for benefits by Tele-Serve or Online for each two week period that you are unemployed during the appeal process.

**Section B: Signature**

Signature: *William Grant*                    Date: 02/03/2015

Name (Printed or Typed): William L. Grant     Telephone Number: 217-726-5269

ADJ024F                    Page 1 of 1              BEN-523          Rev. (09/2011)

AMENDED COMPLAINT        RECORDER'S MEMORANDUM         OPERATION: HOMETOWN GLORY
16-CV-3245               This instrument is of poor quality        GRANT
                         at the time of imaging                    RUMSFELD



- I was employed by the Illinois Department of Transportation (IDOT) as a Staff Assistant.

- I received notice that I was to be laid-off effective the close of business on September 30, 2014. As a result, I made temporary living arrangements in Chicago, IL. (See Attachment B.)

- The Teamster 916 Union received a court injunction delaying the effective date of the layoff until after a court appearance in October of 2014. The State of Illinois failed to produce certain documents, and the effective date of the layoff was postponed to a later date.

- As a result, I had to find temporary living arrangements in Chicago. This caused my having to spend an even greater amount of money to procure accommodations in Chicago for work.

- As a result of the layoff, there was a considerable decline in my workload.

- On November 5, 2014, I was informed that Governor Quinn's Deputy Chief of Staff (Justin Cajindos) would ask the Governor's Chief of Staff (Ryan Croke) to approve me to work in Springfield for a few weeks before returning to the IDOT Chicago Office. I was told that the Chief of Staff had no objection, and that he was going to work out an agreement with IDOT's Acting-Secretary (Erika Borggren) to allow me to work in Springfield, IL for a couple of weeks.

- I reported to the Governor's Capitol Office on November 6, 2014 for work.

- Before I reported to the Governor's Capitol Office, I contacted my direct supervisor (Rick Kabaker, Deputy Chief Council) at IDOT via e-mail, and informed him that I was approved to work in Springfield by Governor Quinn's Chief of Staff and Deputy Chief of Staff. (Please see Attachment C.)

- On the morning of November 7, 2014, I was told to report to IDOT's Central Office in Springfield. A short time later, I was told not to report to IDOT's Central Office due to the attorneys handling the IDOT Staff Assistant litigation "freaking out" over my being allowed to work in Springfield. I was instructed to take the day off.

- Over the weekend, I was informed that I would have to resign from IDOT, I would be hired by the Governor's Office, and then most likely transferred to the Illinois Department of Central Management Services (CMS).

- I reported to the Governor's Office (of Constituent Affairs) on November 10, 2014.

- On November 17, 2014, I contacted IDOT's Bureau of Personnel Management to find out why my paycheck was unexpectedly low. Samantha Helton informed that my Office (Office of Chief Council) stated they did not know where I was, and that IDOT's Chief Council advised her to put me on "dock time." She stated that if I sent her time sheets from where I was working, I would receive "back pay." I submitted time sheets on November 18, 2014 via facsimile. (Please see Attachment D.)

- The week of November 17, 2014, I was contacted by the Deputy Director of Personnel of CMS (Israel Salazar), and he informed me that he wanted to put me in a position at CMS.

Number: 1505989

174

Attachment A

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

- On November 21, 2014, I was contacted by Governor Quinn's Deputy Chief of Staff (Juan Morado), and informed that I needed to submit my resignation to IDOT through my former supervisor, Rick Kabaker). (Please see Attachment E.)

- I worked in the Governor's Office of Constituent Affairs from November 10, 2014 until the close of business on December 3, 2014, excluding holidays. Two time sheets are attached. The time sheets are signed by Carmen Flynn, the previous Deputy Director of the Governor's Office of Constituent Affairs. (Please see Attachment D.)

- I was informed after the close of business on December 3, 2014 I was unable to be added to the payroll (i.e., get paid) due to the litigation between IDOT and the Teamster's 916 Union.

Unofficial copy Office of Marilyn Burgess District Clerk

AMENDED COMPLAINT                    OPERATION: HOMETOWN GLORY
16-CV-3245



**Illinois Department of Transportation**

Office of the Secretary
2300 South Dirksen Parkway / Springfield, Illinois / 62764
Telephone 217/782-5597

August 21, 2014

Mr. Tony Barr
President, General Teamsters/ Professional & Technical Employees Local
Union No. 916
3361 Teamster Way
Springfield, IL 62707

Dear Tony:

In accordance with Article XII, Layoff, of the Collective Bargaining Agreement, this correspondence is your official notification of the Department's intent to initiate a layoff for the position title of Staff Assistants. The proposed effective date of the layoff is at the close of business September 30, 2014, and the reason for the layoff is due to a material reorganization.

The following Collective Bargaining titles for which your organization has exclusive representation rights are proposed for inclusion:

| Position Classifications | Bargaining Unit | Number of Employees | Work County |
|---|---|---|---|
| Technical Manager I | PM | 3 | Sangamon |
| Technical Manager II | PM | 16 | Cook |
| Technical Manager II | PM | 8 | Sangamon |
| Technical Manager II | PM | 2 | Effingham |
| Technical Manager II | PM | 3 | Madison |
| Technical Manager II | PM | 2 | Jackson |
| Technical Manager III | PM | 7 | Cook |
| Technical Manager III | PM | 7 | Sangamon |
| Technical Manager III | PM | 1 | Jackson |
| Technical Manager IV | PM | 3 | Sangamon |
| Technical Manager IV | PM | 2 | Madison |
| Technical Manager V | PM | 1 | Cook |

Questions concerning this layoff may be addressed to Tony Small, Director, Finance & Administration at 217-782-1816.

Sincerely,

Erica Borggren
Acting Secretary of IDOT

Attachment 'B'

Ticket Number: 1505989

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY



# Illinois Department of Transportation

Office of the Secretary
2300 South Dirksen Parkway / Springfield, Illinois / 62764
Telephone 217/782-5597

September 15, 2014

William Grant
901 Wythe Rd
Springfield, Il 62702

Dear Mr. William Grant:

It is with regret that I must inform you that, in accordance with Article XII, Section 1, of the General Teamsters/Professional & Technical Employees Collective Bargaining Agreement (Pro-Tech 916), this correspondence will serve as final notification of the Department's layoff due to material reorganization. Unfortunately, your position has been identified for layoff. The effective date of the layoff is at the close of business on September 30, 2014.

After the layoff, in order to maintain your eligibility for recall, it is your responsibility to keep the Central Bureau of Personnel Management up to date with your current mailing and/or home address. Should you need to update your contact information, please call the Bureau of Personnel Management at 217/782-5594. In accordance with Article XII, Section 5, failure to respond when contacted at the address last given by the employee constitutes removal from the Recall List.

Sincerely,

Erica Borggren
Acting Secretary of IDOT

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

Gmail - Re: out of office                                         Page 1 of 2

 il                          William Grant <wgran2@gmail.com>

**Re: out of office**
5 messages

William Grant <wgran2@gmail.com>                    Thu, Nov 6, 2014 at 8:57 AM
To: rick.kabaker@illinois.gov
Cc: dot.ch.outofoffice@illinois.gov

Rick,

I've been approved to work in Springfield. I'm at the Capitol today.


Sent from my iPhone


Kabaker, Rick <Rick.kabaker@illinois.gov>            Thu, Nov 6, 2014 at 9:04 AM
To: William Grant <wgran2@gmail.com>

Who approved your working in Springfield?

Richard A. Kabaker, Esq.
Deputy Chief Counsel
Illinois Department of Transportation
100 West Randolph Street - Suite 6-600
Chicago, IL 60601
Tel.: 312-793-4838
Fax: 312-793-3933
CONFIDENTIALITY NOTICE: This e-mail is a confidential attorney/client, attorney work product, and/or pre-
decisional FOIA exempt document intended solely for the use of the individual(s) to whom it is addressed,
and should be handled accordingly. If you are not the intended recipient(s), please be advised that you have
received this e-mail in error and that the use, dissemination, forwarding, printing or copying of this e-mail is
strictly prohibited. If you have received this e-mail in error, please notify Rick Kabaker immediately.
[Quoted text hidden]

William Grant <wgran2@gmail.com>                    Thu, Nov 6, 2014 at 9:24 AM
To: "Kabaker, Rick" <Rick.kabaker@illinois.gov>

Gov's Office.

Sent from my iPhone
[Quoted text hidden]

Kabaker, Rick <Rick.kabaker@illinois.gov>            Thu, Nov 6, 2014 at 9:28 AM
To: William Grant <wgran2@gmail.com>

Will: Who in the Gov. Office approved it?  Rick

Richard A. Kabaker, Esq.
Deputy Chief Counsel
Illinois Department of Transportation
100 West Randolph Street - Suite 6-600
Chicago, IL 60601
Tel.: 312-793-4838
Fax: 312-793-3933

Attachment
' C'

mhtml:file://C:\Users\User\Documents\Gmail - Re out of office.mht


                                178

AMENDED COMPLAINT                    OPERATION: HOMETOWN GLORY
16-CV-3245

Gmail - Re: out of office                                        Page 2 of 2

CONFIDENTIALITY NOTICE:  This e-mail is a confidential attorney/client, attorney work product, and/or pre-
decisional FOIA exempt document intended solely for the use of the individual(s) to whom it is addressed,
and should be handled accordingly.  If you are not the intended recipient(s), please be advised that you have
received this e-mail in error and that the use, dissemination, forwarding, printing or copying of this e-mail is
strictly prohibited.  If you have received this e-mail in error, please notify Rick Kabaker immediately.

-----Original Message-----
From: William Grant [mailto:wgran2@gmail.com]
[Quoted text hidden]

William Grant <wgran2@gmail.com>                              Thu, Nov 6, 2014 at 9:35 AM
To: "Kabaker, Rick" <Rick.kabaker@illinois.gov>

COS Croke and Deputy Cajindos. They're both in Chicago today if you want to speak to them.

Sent from my iPhone
[Quoted text hidden]

Unofficial Copy Office of Marilyn Burgess District Clerk

179

AMENDED COMPLAINT                          OPERATION: HOMETOWN GLORY
16-CV-3245



AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

Gmail - RE: Resignation

Page 1 of 1



William Grant <wgran2@gmail.com>

**RE: Resignation**
1 message

Grant, William L. (GOV) <William.L.Grant@illinois.gov>
To: "Kabaker, Rick" <Rick.kabaker@illinois.gov>

Fri, Nov 21, 2014 at 10:54 AM

I hereby submit my resignation effective November 5, 2014.

Attachment

'E'

AMENDED COMPLAINT
16-CV-3245

OPERATION: HOMETOWN GLORY

# Quinn's IDOT scandal will cost taxpayers



Governor Pat Quinn discusses the Blagojevich verdict at the Thompson Center in Chicago. (Heather Charles / Chicago Tribune)

OCTOBER 29, 2014  4:47 PM

A hiring monitor's work is never done. Chicago attorney Noelle Brennan, who spent nine years shepherding the city of Chicago into compliance with a federal consent decree banning patronage hires, will soon hang her shingle at the Illinois Department of Transportation.

You can pull out your wallet now and thank Gov. Pat Quinn.

Just more of the same in Illinois.

U.S. Magistrate Judge Sidney Shenkier appointed Brennan to figure out how all those "staff assistants" with friends in high places ended up on IDOT's payroll. Hundreds of candidates were hired into supposed policymaking positions — jobs that didn't require them to compete based on qualifications — then assigned to mow the grass, type memos, wash vehicles, lick envelopes, fill out time sheets, order office supplies and other routine tasks.



GRANT v RUMSFELD

EXHIBIT IN SUPPORT OF COMPLAINT

http://www.chicagotribune.com/news/opinion/editorials/ct-illinois-patronage-scandal-edit-...  4/15/2016



EXHIBIT # 7

administration in power. Under a scheme hatched by ex-Gov. Rod Blagojevich's staffers and continued under Quinn, IDOT created hundreds of phony exempt jobs — then transferred or promoted many of those workers into non-exempt positions, safe from the political whims of subsequent governors.

What's wrong with all of that? Qualified candidates were passed over for jobs and promotions. Taxpayers didn't get the best available employees. Workers who earned their jobs on merit have to take up the slack for those patronage hacks.

Oh, and it's illegal. In 1990, the U.S. Supreme Court ruled that with few exceptions, decisions about hiring, firing, promoting or transferring state workers cannot be based on politics. To assemble that army of "staff assistants," IDOT officials violated the hiring rules that grew from that decision.

Brennan was assigned in 2005 to oversee hiring in Chicago, after a federal investigation proved City Hall had been violating an earlier decree banning patronage in city government. Under her supervision, the city overhauled its hiring process to guard against political meddling.

The cost to taxpayers: $22.8 million for settlements, legal fees and consultants.

In June, Shenkier declared that Brennan's work at City Hall was done.

But there's plenty of demand for her services elsewhere, and not just at IDOT. Michael Shakman, the Chicago attorney behind the landmark 1969 anti-patronage suit, has been agitating for a state hiring monitor since 2009, after the Sun-Times reported that Blagojevich aides were running an illegal hiring system under which hundreds of state pols tapped their friends for thousands of state jobs.

Shakman's request languished after Blagojevich was sent to prison, but the cheating didn't stop. A three-year investigation by the Office of the Executive Inspector General released in August showed that at IDOT, it got *even worse* under Quinn.

The report led to a lot of furious finger-pointing because there's a tight race for governor. Republican Bruce Rauner says Quinn's a phony reformer who stacked IDOT with cronies, just like his felonious predecessor. Quinn says he knew nothing about the staff assistant scam and shut it down immediately when he found out. It's all fixed now, the governor insists.

But Judge Shenkier decided IDOT needs a monitor. He tapped Brennan to figure out how the pols managed to hijack hiring at the agency, and to build a new system to wall them out.

We hope she'll start where the inspector general's investigation left off: At the top.

staff assistant position or who was aware IDOT was ~~circumventing the (court-mandated)~~ Rutan hiring process," according to the report.

Quinn aides who signed off on all those hires said they assumed IDOT was following the rules and didn't notice the ballooning number of exempt positions. But ex-Transportation Secretary Ann Schneider, who lost her job over the scandal, said the "vast majority" of those hired outside routine channels were chosen by the governor's staff.

Emails between Quinn aides and IDOT officials during 2011 support that claim: An attachment labeled "Lavin List" contains the names of job candidates apparently submitted to IDOT by Quinn's then-Chief of Staff Jack Lavin.

We don't think for a minute that IDOT is an island of hiring violations in a sea of compliance. That's why it's important to determine what went on in the governor's office — and whether other state agencies were engaged in similar abuses.

Brennan has her work cut out for her. And taxpayers, you'll get the bill.

**Join in the discussion on the Chicago Tribune Editorial Board's Facebook page or on Twitter by following @Trib_Ed_Board.**

Copyright © 2015 Chicago Tribune

**This article is related to:** Illinois Department of Transportation, Executive Branch, Rod Blagojevich, Opinion, Editorials



![SJR logo]

By John O'Connor
The Associated Press

August 22, 2014 11:13AM

## IDOT broke hiring rules for years, report finds

The Illinois Department of Transportation circumvented rules devised to keep politics out of state jobs and improperly hired more than 250 people in the last decade, accelerating the practice under Democratic Gov. Pat Quinn, the state's top investigator decreed in a report released Friday.

Executive Inspector General Ricardo Meza reported that IDOT's use of "staff assistants" to skirt anti-patronage guidelines began in 2003 under former Gov. Rod Blagojevich, who's serving a federal prison term for political corruption. But it noted that the number of hires jumped from 52 in 2008 to 104 in 2011, the first two years after Quinn, now locked in a tight battle for re-election in November, took over for the ousted Blagojevich.



The Illinois Department of Transportation headquarters

The report said investigators found no evidence that Quinn or his staff members were aware of impropriety, but former IDOT Secretary Ann Schneider, who resigned in June as heat grew on the administration over the hiring issue, said recommendations for agency hires came from Quinn's office.

The "vast majority" of hires "were chosen from those recommended to me or my staff by the governor's office," Schneider said in her response to the report. "Neither I nor my staff were in a position to reject the recommended positions."

Spokesman Grant Klinzman acknowledged that Quinn's office suggests applicants for eligible jobs, but he said the governor expects them to be hired according to the rules.

"The governor's office's expectation and understanding is, has been, and always will be that any candidate who is ultimately hired is doing the work of the position that candidate is filling," Klinzman said.

The mammoth report, which followed a three-year investigation, laid out a Byzantine process by which relatives, political supporters and friends of officeholders were hired as staff assistants, a job that the agency declared it could fill without publicly posting it and offering interviews to any qualified candidate. In many instances, those employees were then transferred — again without an interview — into jobs covered by the hiring rules, making it more difficult to remove them.

The impropriety "undoubtedly denied countless qualified candidates the opportunity to lawfully obtain state employment," the report said.

IDOT officials said the interview process is laborious and time-consuming when employees need to be hired quickly. Meza dismissed that claim.

"There was clearly agency mismanagement at the highest levels regarding the responsibilities they had," Meza told reporters in Chicago.

He said he had not talked to federal prosecutors, but he has the authority to share his findings with them if there is an inquiry.

Quinn got ahead of the release of Friday's report, calling on acting Transportation Secretary Erica Borggren to briefly tell reporters in Chicago — without mentioning the forthcoming report — that IDOT had decided to lay off the 58 current staff assistants at the agency, create a review board to oversee hiring, and freeze indefinitely the creation of any new positions that can be filled without strings.

That wasn't sufficient for Quinn's challenger in the November election, Republican Bruce Rauner, who in a prepared statement said Illinois residents "pay a significant corruption tax," adding that the patronage revelations "are just one more reminder why we need term limits on career politicians like Pat Quinn."

A U.S. Supreme Court ruling bars political considerations in most state government hires but allows political loyalty to be considered for jobs involving confidential information, policymaking or public statements. Meza found the staff assistant job descriptions included such tasks but that the employees were mowing grass, answering phones, setting up trainings and completing monthly supply requisitions.

Print Page



EXHIBIT IN SUPPORT OF COMPLAINT

http://www.sj-r.com/article/20140822/NEWS/140829814?template=printart          4/15/2016

EXHIBIT #8    GRANT v RUMSFELD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

WILLIAM LEE GRANT II,                    )
                                         )
        Plaintiff,                       )
                                         )
        v.                               )      Civil Action No. 1:20-cv-00173 (RDA-IDD)
                                         )
CENTRAL INTELLIGENCE AGENCY,             )
et al.,                                  )
                                         )
                                         )
        Defendant.                       )

**ORDER**

This matter comes before the Court on Defendant Central Intelligence Agency's ("CIA")

Motion to Dismiss (Dkt. 8), and Plaintiff William Lee Grant II's ("Plaintiff") *pro se* Motions for

Summary Judgment ("Summary Judgment Motions") (Dkt. Nos. 29; 32). Considering the

Complaint (Dkt. 1), the CIA's Motion to Dismiss, Plaintiff's Opposition to the Motion to Dismiss

(Dkt. 12), Plaintiff's Summary Judgment Motions, the CIA's Oppositions to Plaintiff's Summary

Judgment Motions (Dkt. Nos. 33; 39), and Plaintiff's Reply in furtherance of his Summary

Judgment Motion (Dkt. 34), and for the following reasons, it is hereby ORDERED that the CIA's

Motion to Dismiss is GRANTED, and Plaintiff's Summary Judgment Motions are DENIED as

moot.

I. BACKGROUND

At best, the allegations and claims that Plaintiff asserts in his *pro se* Complaint are

incomprehensible, even under the appropriate standard for review of a *pro se* complaint (*infra*, p.

3-5). *See* Dkt. 1. On February 19, 2020, Plaintiff commenced this case, which he describes as a

"Civil Liberties" action. *Id.* He filed suit against the CIA, "Special Collection Service," and "State

GRANT v RUMSFELD                                    EXHIBIT #9



of Illinois." *Id.* In his Complaint, he asserts claim under the Amendments Four, Five, Eight, and Nine of the United States Constitution, as well as under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. *Id.* at ¶ 2. In support of these claims, Plaintiff has frivolously alleged that "[t]he Commander-In-Chief of the United States Armed Forces (Ronald Reagan) directed the Secretary of Defense to create [ ] [Plaintiff] to predict future nuclear attacks." *Id.* at ¶ 7. Plaintiff also makes various claims about pop culture, different United States government officials, and other public figures. *See e.g. id.* at ¶¶ 46; 47; 48; 49; 54; 57; 62 65; 66. Such claims include that "O.J. Simpson killed Nicole Brown-Simpson and Ron Goldman," that "Louis Farrakhan killed Malcom X," and that "Phillip Mountbatten 'ordered' the assassination of Diana, Princess of Wales." *Id.* at ¶¶ 57; 66; 67. The claims contained in Plaintiff's Complaint are baseless, and mention the CIA, "Special Collection Service," and the State of Illinois only in passing. *See generally* Dkt. 1.

What is more, Plaintiff has brought the same or similar claims to a host of various United States district courts, including this Court, multiple times. *See e.g. Grant v. CIA*, No. 1:19-cv-1228 (E.D. Va.), Dkt. 1; *Grant*

*v. CIA*, 2:19-cv-512 (E.D. Va.), Dkt. 3; *Grant v. CIA*, 1:20-cv-1024 (C.D. Ill.), Dkt. 13; *Grant v. CIA*, 1:19-cv-1406 (C.D. Ill.); *Grant v. CIA*, 4:19-cv-839 (E.D. Ark.), Dkt. 3; *Grant v. CIA*, 1:19-cv-350 (W.D. Pa.), Dkt. Nos. 2-3; *Grant v. CIA*, 2:19-cv-5607 (E.D. Pa.), Dkt. Nos. 4-5; *Grant v. CIA*, 1:19-cv-1375 (C.D. Ill.), Dkt. 6; *Grant v. CIA*, 0:19-cv-2931 (D. Minn.), Dkt. 5; *Grant v. CIA*, 4:19-cv-373 (S.D. Iowa), Dkt. 3; *Grant v. CIA*, 4:19-cv-13422 (E.D. Mich.), Dkt. 4; *Grant v. CIA*, 1:19-cv-1695 (E.D. Wis.), Dkt. Nos. 3-4; *Grant v.CIA*, 2:19-cv-5052 (S.D. Ohio), Dkt. 5; *Grant v. CIA*, 1:19-cv-24780 (S.D. Fla.), Dkt. 4); *Grant v. CIA*, 2:19-cv-13747 (E.D. La.), Dkt. 5; *Grant v. CIA*, 1:19cv3377 (D.D.C.), Dkt. 3; *Grant v. CIA*, 1:19-cv-592 (D. Hawaii), Dkt. 6; *Grant v. CIA*, 4:19-cv-2967 (E.D. Mo.), Dkt. 3; *Grant v. CIA*, 4:19-cv-2969 (E.D. Mo.), Dkt. 4; *Grant v.*



*CIA*, 3:19-cv-1104 (S.D. Ill.), Dkt. No. 4; *Grant v. CIA*, 1:19-cv-285 (E.D. Tenn.), Dkt. 6; *Grant v. CIA*, 1:19-cv-174 (S.D. Ga.), Dkt. 8; *Grant v. CIA*, 2:19-cv-736 (D. Utah), Dkt. 5. One court has described Plaintiff as "a serial litigator, having filed over forty cases since 2016 in federal district courts nationwide." *Grant v. United States Dep't of Treasury*, 3:18-cv-14792018, WL 3216851, at *1 (N.D. Tex. June 21, 2018). And generally, "Plaintiff's claims are based upon allegations of espionage and conspiracy that are fanciful, fantastic, or delusional, or that rise to the level of the irrational or wholly incredible. . . . [They are typically] part of a pattern of abusive litigation that Plaintiff has [ ] engaged in all over the country." *Grant v. CIA*, 4:19-cv-2969, 2019 WL 6050830, at *2 (E.D. Mo. Nov. 15, 2019).

In this case, the CIA has moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 8. Plaintiff has opposed the Motion to Dismiss (Dkt. 12), and has twice moved for summary judgment (Dkt. Nos. 29; 32). The CIA has opposed both of Plaintiff's Summary Judgment Motions (Dkt. Nos 33; 39), and Plaintiff has filed a Reply in support of one of those motions (Dkt. 34).

The Court dispenses with oral argument as it would not aid in the decisional process. Local Civil Rule 7(J); Fed. R. Civ. P. 78. The matter is now fully briefed and is ripe for decision.

## II.  STANDARD OF REVIEW

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). A district court must dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that the federal subject matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743

(1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There are two ways in which a defendant may present a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.*

Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Contr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891. The district court is then free to weigh the evidence to determine the existence of jurisdiction. *Adams*, 697 F.2d at 1219. "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

### B.  Rule 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) . . . requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible under this standard when a plaintiff pleads factual content sufficient for a court to make a reasonable inference that a defendant is liable. *Id.* Allegations that

4

are conclusory are "not entitled to be assumed true." *Id.* at 681 (citing *Twombly*, 550 U.S. at 554-555). A court should "construe facts in the light most favorable to the plaintiff and draw all reasonable inferences in [her] favor . . . [but] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (internal citations and quotation marks omitted).

Though generally, "extrinsic evidence should not be considered at the 12(b)(6) stage," the United States Court of Appeals for the Fourth Circuit has opined that "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiff[] do[es] not challenge its authenticity." *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). Further, this Court has recognized that "[a] document is integral to the complaint where it is significantly related to a cause of action, and it is authentic when it is not in dispute by the opposing party." *McGlothian v. Fralin*, No. 3:18-cv-507, 2019 WL 1087156, at *7 (E.D. Va. Jan. 23, 2019) (citations omitted).

That a *pro se* complaint should be liberally construed neither excuses a *pro se* plaintiff of his obligation to "clear the modest hurdle of stating a plausible claim" nor transforms the court into his advocate. *Green v. Sessions*, No. 1:17-cv-01365, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018), *aff'd*, 744 F. App'x 802 (4th Cir. 2018).

### III.   ANALYSIS

#### A.   Plaintiff's Claims are Precluded

The CIA argues that Plaintiff's Complaint is barred by *res judicata*, and therefore, this Court should dismiss the action. Dkt. 8, 8. The Court agrees.

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." *Id.*

"The rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *Orca Yachts*, 287 F.3d at 318 (internal citations omitted). A claim is said to be precluded where three elements are met:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding.

*In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions." *Id.* at 1316.

In considering Defendants' *res judicata* argument, the Court may take judicial notice of the "facts from [ ] prior judicial proceeding[s] . . . ." *Brooks v. Arthur*, 626 F.3d 194, 200 (4th Cir. 2010) (internal quotations omitted) (citing *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000)). While Plaintiff's claim in this case may be barred under the doctrine of claim preclusion due to a *host* of cases that he has previously filed, this Court will take judicial notice of a recent case that Plaintiff has filed in this Court, which on its own precludes Plaintiff from proceeding in the instant matter—*Grant v. CIA, et al.*, No. 1:19-cv-01228 (E.D. Va. 2019).

Here, the elements for claim preclusion are easily satisfied.

Case 1:20-cv-00173-RDA-IDD   Document 50   Filed 01/07/21   Page 7 of 7 PageID# 549

First, in *Grant v. CIA, et al.*, No. 1:19-cv-01228 (E.D. Va. 2019), Dkt. 24, this Court, "a court of competent jurisdiction in accordance with the requirements of due process," entered a final judgment on the merits. *See In re Varat Enterprises, Inc.*, 81 F.3d at 1315.

Second, in both this case and in *Grant v. CIA, et al.*, No. 1:19-cv-01228 (E.D. Va. 2019), the defendants were the CIA, "Special Collection Service," and the State of Illinois.

Third, in both matters, Plaintiff has alleged the same frivolous claims and asserts the same baseless causes of action. *Compare*, Dkt. 1, *with*, *Grant v. CIA, et al.*, No. 1:19-cv-01228 (E.D. Va. 2019), Dkt. 1.

Thus, this Court finds that this action is barred under the doctrine of claim preclusion, and the CIA's Motion to Dismiss is GRANTED as to all defendants.

B.   Plaintiff's Summary Judgment Motions are Moot

Because the Court finds that Plaintiffs claims are barred by claim preclusion, Plaintiff's Summary Judgment Motions are DENIED as moot.

IV.   CONCLUSION

Accordingly, for the foregoing reasons, it hereby ORDERED that the CIA's Motion to Dismiss (Dkt. 8) is GRANTED as to all defendants;

IT IS FURTHER ORDERED that Plaintiff's Summary Judgment Motions (Dkt. Nos. 29; 32) are DENIED as moot, and

IT IS FURTHER ORDERED that this matter is DISMISSED with prejudice.

It is SO ORDERED.

Alexandria, Virginia
January 7, 2021

COURT DID NOT FIND
MR. GRANT'S ALLEGATIONS
TO BE:
28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii);
/s/ /0/ JA 1/25/2022

/s/ JA
Rossie D. Alston, Jr.
United States District Judge



EXHIBIT
#10

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

WILLIAM LEE GRANT II
PLAINTIFF

FEDERAL QUESTION
28 USC 1331

V CENTRAL INTELLIGENCE AGENCY
SPECIAL COLLECTION SERVICE,
+
STATE OF ILLINOIS
DEFENDANTS

WHAT ARE THE RAMIFIC-
ATIONS OF THE DoD KEEPING
MR. GRANT IN ILLINOIS
FOR NEARLY THIRTY (30)
YEARS UNDER THREAT OF
MILITARY FORCE?

## CIVIL LIBERTIES COMPLAINT

(1) DISTRICT COURT HAS JURISDICTION PURSUANT TO:
28 USC 1346(b)(1); 28 USC 1391(b)(1); 42 USC 1983;
42 USC 1985(3); AND 28 USC 1331.

(2) MR. GRANT HAS A CLAIM UNDER U.S. CONST. AMEND IV;
U.S. CONST. AMEND V; U.S. CONST. AMEND XIII;
U.S. CONST. AMEND XIV; 42 USC 1983; AND 42 USC 1985(3).

(3) THE STATE OF ILLINOIS WAIVED SOVEREIGN IMMUNITY
BY CONSENTING TO 16-CV-3245 AND 17-CV-3261
BEING REMOVED TO THE ILLINOIS CENTRAL DISTRICT
FROM THE SEVENTH CIRCUIT OF ILLINOIS.

(4) THE ILLINOIS ATTORNEY GENERAL AND U.S. DEPART-
MENT OF JUSTICE (DOJ) DEFAULTED AND FAILED TO
DENY MR. GRANT'S ALLEGATIONS IN 16-CV-3245 AND
17-CV-3261.

THE STATE OF ILLINOIS DEFAULTED IN 18-L-202 (ILLINOIS
SEVENTH CIRCUIT OF ILLINOIS) (1), AND FAILED TO DENY MR.
GRANT'S ALLEGATIONS.

GRANT v RUMSFELD

⑤ THE ILLINOIS CENTRAL DISTRICT HAS NOT FOUND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i); 28 USC 1915(e)(2)(B)(ii); OR 28 USC 1915(e)(2)(B)(iii).

⑥ ~~████████████~~ THIRTY-ONE (31) ~~████████████~~ FEDERAL DISTRICT COURTS HAVE NOT FOUND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i); 28 USC 1915(e)(2)(B)(ii); OR 28 USC 1915(e)(2)(B)(iii).

⑦ THE COMMANDER-IN-CHIEF ~~████████~~ OF THE UNITED STATES ARMED FORCES (RONALD REAGAN) DIRECTED THE SECRETARY OF DEFENSE TO CREATE MR. GRANT TO PREDICT FUTURE NUCLEAR ATTACKS.

⑧ THE FUNDS TO CREATE MR. GRANT CAME FROM THE STRATEGIC DEFENSE INITIATIVE (MISSILE DEFENSE AGENCY).

⑨ THE OFFICE OF THE SECRETARY OF DEFENSE CREATED MR. GRANT ~~████████~~ AT AIRFORCE SYSTEMS COMMAND ~~████~~ IN 1990.

⑩ THE OFFICE OF THE SECRETARY OF DEFENSE USED JOINT SPECIAL OPERATIONS COMMAND (JSOC) TO ENGINEER MR. GRANT'S LIFE TO GIVE CAUSE FOR ~~███~~ MR. GRANT TO APPEAR IN FEDERAL COURT.

⑪ THE OFFICE OF THE SECRETARY OF DEFENSE "DROPPED OFF" MR. GRANT IN SPRINGFIELD, ILLINOIS IN 1992 WITH DR. BILL GRANT AND ARMENTA JOHNSON TO BE: BEATEN; ENDURE PSYCHOLOGICAL WARFARE; AND THE U.S. DEPARTMENT OF DEFENSE'S WITNESS TO THE 9/11 TERRORIST ATTACKS.

⑮ THE OFFICE OF THE SECRETARY OF DEFENSE HAS COMMAND AUTHORITY OF THE U.S. MILITARY'S CONTINENTAL FORCES THROUGH THE U.S. NORTHERN COMMAND. ~~████████~~

② ~~████████~~

12. GREGORY K. HARRIS LEFT THE PENTAGON IN THE EARLY 1990's TO ILLEGALLY SURVEIL MR. GRANT THROUGH THE ILLINOIS CENTRAL DISTRICT U.S. ATTORNEY'S OFFICE.

13. GREGORY K. HARRIS BRIBED MR. GRANT'S FAMILY, PEERS, TEACHERS, CO-WORKERS, AND SUPERVISORS TO REPORT THE WORDS AND ACTIONS OF MR. GRANT TO GREGORY K. HARRIS.

14. GREGORY K. HARRIS DIRECTED MR. GRANT'S OPTOMETRIST TO GIVE MR. GRANT AN INCORRECT LENSE PRESCRIPTION TO DIMINISH MR. GRANT'S VISION WHEN MR. GRANT'S WAS IN 5TH GRADE (1995).

15. GREGORY K. HARRIS DIRECTED MR. GRANT'S ███ ORTHODONTIST TO DRILL THE ENAMEL OFF MR. GRANT'S TEETH FROM ███ 1999-2000.

16. WHEN MR. GRANT TURNED SEVENTEEN (17), MR. GRANT WAS FORCED TO STAB DR. GRANT IN 2002, OR THE OFFICE OF THE SECRETARY OF DEFENSE WOULD SEND SOMEONE TO KILL DR. GRANT.

17. GREGORY K. HARRIS UNDERMINED MR. GRANT'S LEGAL DEFENSE FOR DOMESTIC BATTERY BY COLLUDING WITH MR. GRANT'S LAWYERS.

18. GREGORY K. HARRIS RECRUITED (THEN ILCD U.S. ATTORNEY) RODGER A. HEATON TO ILLEGALLY SURVEIL AND CONSPIRE AGAINST MR. GRANT. ███

19. GREGORY K. HARRIS AND ██████████ RODGER A. HEATON RECRUITED NIVEESHA HILL TO ILLEGALLY SURVEIL AND CONSPIRE AGAINST MR. GRANT.

20. THE U.S. DEPARTMENT OF DEFENSE "BUGGED/HACKED" MR. GRANT'S CELLULAR PHONE, TELEPHONE, COMPUTER, AND KEPT MR. GRANT UNDER SATELLITE SURVEILLANCE FOR NEARLY THIRTY (30) YEARS.

21 (7) MR. GRANT WAS FORCED TO "ACT GAY" FOR MORE THAN SEVEN YEARS, OR THE U.S. DEPARTMENT OF DEFENSE WOULD HAVE SENT SOMEONE TO RAPE MR. GRANT.

22 MR. GRANT HAD TO "ACT GAY" FROM THE END OF DECEMBER OF 200 8 ███ UNTIL THE END OF 2016.

23 IN 2009, THE U.S. DEPARTMENT OF DEFENSE (DoD), GREGORY K. HARRIS, AND THE ILLINOIS STATE POLICE (ISP) "SET-UP" MR. GRANT FOR A DRIVING UNDER THE INFLUENCE (DUI) CHARGE TO "STRIP" MR. GRANT OF HIS ██ DRIVER'S LICENSE.

24 IN 2009, ISP TROOPER TYLER PRICE "STOPPED" MR. GRANT FOR AN ALLEGED IMPROPER LANE CHANGE.

25 ISP TROOPER TYLER PRICE FAILED TO MIRANDIZE MR. GRANT, AND FAILED TO OBTAIN A WARRANT TO DRAW MR. GRANT'S BLOOD.

26 ISP TROOPER TYLER PRICE ISSUED MR. GRANT MULTIPLE DUI TICKETS STEMMING FROM ONE TRAFFIC STOP.

27 THE SANGAMON COUNTY STATE'S ██ ATTORNEY'S OFFICE FILED MULTIPLE DUI CASES AGAINST MR. GRANT STEMMING FROM ONE 2009 TRAFFIC STOP.

28 MR. GRANT WAS SOBER.

29 GREGORY K. HARRIS UNDERMINED MR. GRANT'S LEGAL DEFENSE BY COLLUDING WITH MR. GRANT'S LAWYERS (THE FIRMS: TIMONEY + PAGE AND SHARP + HARMON).

MR. GRANT WAS HIRED BY THE STATE OF ILLINOIS IN

(30) 2011 TO GIVE THE ILLINOIS ATTORNEY GENERAL CAUSE
TO APPEAR IN COURT.

(31) DEIRDRE 'D.K.' HIRNER MADE AN AGREEMENT
WITH THE DOD IN THE EARLY 1990'S TO HIRE MR. GRANT
IN THE FUTURE.

(32) D.K. HIRNER (CHIEF OF STAFF) HIRED MR GRANT IN
2011 AS A POLICY ANALYST IN THE OFFICE OF THE
ILLINOIS LIEUTENANT GOVERNOR.

(33) ANN L. SCHNEIDER MADE AN AGREEMENT WITH THE
DOD IN THE EARLY 1990'S TO HIRE MR. GRANT IN THE
FUTURE.

(34) ANN L. SCHNEIDER (SECRETARY OF THE ILLINOIS
DEPARTMENT OF TRANSPORTATION) HIRED MR. GRANT IN
2012 AS A STAFF ASSISTANT WITH THE ILLINOIS
DEPARTMENT OF TRANSPORTATION (IDOT).

(35) MR. GRANT WAS RETALIATED AGAINST FOR FILING AN ETHICS
COMPLAINT AND ███ A CIVIL RIGHTS COMPLAINT WITH
THE STATE OF ILLINOIS IN 2012.

(36) MR. GRANT ENDURED A HOSTILE WORK ENVIRONMENT,
WORK PRODUCTS BEING SABOTAGED, WORK HOURS BEING
MODIFIED, GEOGRAPHIC REASSIGNMENT, BEING ASSIGNED
WORK TASKS BELOW MR. GRANT'S ███████ PAY GRADE, AND
A PROMOTION BEING RESCINDED.

(37) IN 2014, MR. GRANT TRANSFERRED FROM IDOT TO THE
ILLINOIS GOVERNOR'S OFFICE.

(38) IN DECEMBER OF 2014, THE ILLINOIS GOVERNOR'S OFFICE
FAILED TO ADD MR. GRANT TO PAYROLL.

39. IN 2015, MR. GRANT WAS WRONGFULLY DENIED FEDERAL UNEMPLOYMENT BENEFITS BY THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY.

40. IN 2015, MR. GRANT FOUND HIMSELF BLACKLISTED.

41. THE ACTIONS OF THE STATE OF ILLINOIS GAVE CAUSE FOR MR. GRANT TO APPEAR IN FEDERAL COURT.

42. THE ILLINOIS ATTORNEY GENERAL DEFAULTED AND FAILED TO DENY MR. GRANT'S ALLEGATIONS ■ IN 16-CV-3245 AND 17-CV-3261.

43. ALAN D. BRENTS AND LARISSA M. YOUNG SEXUALLY ASSAULTED MR. GRANT IN 2003 AT THE DIRECTION OF GREGORY K. HARRIS.

44. THOMAS W. COATS AND JUSTIN CAJINDOS SEXUALLY ASSAULTED MR. GRANT IN 2014 AT THE DIRECTION OF GREGORY K. HARRIS.

45. THE DoD STOLE NEARLY THIRTY (30) YEARS OF MR. GRANT'S LIFE TO STATE AS FOLLOWS:

46. DONALD RUMSFELD GAVE A "STAND DOWN" ORDER ON 9/11 WITH THE CONSENT OF BUSH AND CHENEY.

47. DICK CHENEY LOBBIED FOR THE INVASION OF IRAQ TO GENERATE PROFITS FOR HALLIBURTON.

48. DICK CHENEY MADE $100 MILLION FROM HIS HALLIBURTON STOCK DUE TO THE WAR IN IRAQ.

49. HILLARY RODHAM CLINTON KILLED VINCE FOSTER TO PREVENT VINCE FOSTER FROM TESTIFYING AT THE WHITEWATER HEARINGS.

50. HILLARY RODHAM CLINTON LOBBIED FOR THE 1994 CRIME BILL IN EXCHANGE FOR FUTURE CAMPAIGN CONTRIBUTIONS FROM THE PRIVATE PRISON INDUSTRY.

51. HILLARY RODHAM CLINTON RECEIVED THE CAMPAIGN CONTRIBUTIONS DURING THE 2016 PRESIDENTIAL GENERAL ELECTION.

52) HILLARY RODHAM CLINTON SENT AMBASSADOR J. CHRISTOPHER STEVENS TO BENGHAZI, LIBYA AS A SUICIDE MISSION TO PREVENT THE AMBASSADOR FROM RELEASING A REPORT ADVOCATING THE DIVERSION OF FUNDS FROM IRAN TO LIBYA.

53) BILL CLINTON FIRED FEDERAL BUREAU OF INVESTIGATION DIRECTOR WILLIAM S. SESSIONS TO CONCEAL THE MURDER OF WHITE HOUSE COUNSEL VINCE FOSTER.

54) BILL CLINTON IS A SERIAL RAPIST.

55) BRUCE RAUNER BRIBED RAHM EMANUEL TO HIDE NATIONAL SECURITY REPORTS WHILE RAHM EMANUEL WORKED IN THE CLINTON WHITE HOUSE.

56) BRUCE RAUNER ASSISTED RAHM EMANUEL IN MAKING $14 MILLION IN THREE YEARS UPON LEAVING THE CLINTON WHITE HOUSE. BRUCE RAUNER WENT ON TO MAKE HUNDREDS OF MILLIONS OF DOLLARS THROUGH DoD INFORMATION TECHNOLOGY.

57) PHILIP MOUNTBATTEN "ORDERED" THE ASSASSINATION OF DIANA, PRINCESS OF WALES. THE BRITS NEED LOOK AT MI5.

58) THE HOUSE SAXE-COBURG & GOTHA STANDS UNITED.

59) THE HOUSE OF SAUD WAS COMPLICIT IN THE 9/11 TERRORIST ATTACKS.

60) THE CIA ORCHESTRATED THE ARAB SPRING.

61) JAMES R. THOMPSON FAILED TO PROSECUTE RICHARD J. DALEY FOR PUBLIC CORRUPTION IN EXCHANGE FOR RICHARD J. DALEY SUPPRESSING THE DEMOCRATIC VOTE TO ALLOW THOMPSON TO BECOME ▓▓▓▓ GOVERNOR OF ILLINOIS AS A REPUBLICAN.

62) RICHARD M. DALEY KILLED CHICAGO MAYOR HAROLD LEE WASHINGTON AND BERNARD EPTON.

63) JAMES R. THOMPSON ASSISTED RICHARD M. DALEY CONCEAL THE MURDER OF HAROLD LEE WASHINGTON AND BERNARD EPTON.

64) RICHARD M. DALEY'S SALE OF CHICAGO'S PARKING METERS IS ▓▓▓ FRAUD.

(65) ANITA ALVAREZ, COOK COUNTY (ILLINOIS) STATE'S ATTORNEY ▓▓▓▓▓ ENTERED INTO A CONSPIRACY TO ALLOW CHICAGO COPS TO SHOOT BLACK PEOPLE FOR SPORT WITHOUT FEAR OF CRIMINAL PROSECUTION.

(66) O.J. SIMPSON KILLED NICOLE BROWN-SIMPSON AND RON GOLDMAN.

(67) LOUIS FARRAKHAN KILLED MALCOLM X.

(68) COURTNEY LOVE KILLED KURT COBAIN.

(69) MARION HUGH "SUGE" KNIGHT JR. KILLED CHRISTOPHER "BIGGIE SMALLS" WALLACE.

(70) MARION HUGH "SUGE" KNIGHT JR. BRIBED THE LOS ANGELES ▓▓▓ POLICE DEPARTMENT TO CONCEAL SUGE KNIGHT'S ROLE IN THE MURDER.

(71) THE CIA ORCHESTRATED THE ARAB SPRING.

(72) THE CIA KILLED JOHN F. KENNEDY.



E. HOWARD HUNT'S 2003 CONFESSION IS VALID. HUNT'S BODY WAS FAILING BUT HIS MIND WAS SOUND.

(73) HENRY KISSINGER IS ▓▓ A WAR CRIMINAL FOR HIS ROLE IN THE VIETNAM WAR, CAMBODIA, CHILE, AND ARGENTINA.

(74) CHRIS CHRISTIE WAS COMPLICIT IN THE FORT LEE LANE CLOSURE.

(75) THE CIA TRIANGULATED AGAINST ▓▓▓ THE DoD TO USE THE DoD TO ▓▓▓▓▓▓ FULFILL THE CIA'S MANDATE TO CONTAIN COMMUNISM IN SOUTHEAST ASIA.



76 OPERATION: HOMETOWN GLORY IS A SPECIAL COLLECTION SERVICE (U.S. DEPARTMENT OF DEFENSE) HUMAN INTELLIGENCE DOMESTIC BLACK OPERATION RUN UNDER THE BANNER OF THE U.S. DEPARTMENT OF JUSTICE.

77 THE SPECIAL COLLECTION SERVICE IS A "JOINT" ████ CENTRAL INTELLIGENCE AGENCY (CIA) AND NATIONAL SECURITY AGENCY (NSA) PROGRAM.

78 THE COMMANDER-IN-CHIEF OF THE U.S. ARMED FORCES HAS COMMAND AUTHORITY OF THE U.S. DEPARTMENT OF ████ DEFENSE AND CENTRAL INTELLIGENCE AGENCY.

79 THE OFFICE OF THE SECRETARY OF DEFENSE HAS COMMAND AUTHORITY OF THE U.S. DEPARTMENT OF DEFENSE.

80 THE CENTRAL INTELLIGENCE AGENCY IS LIABLE FOR THE ACTIONS OF THE SPECIAL COLLECTION SERVICE.

81 RES JUDICATA IS NOT APPLICABLE. THE U.S. DEPARTMENT OF JUSTICE HAS NOT FILED AN ANSWER IN 16-CV-3245, 17-CV-3261, AND 19-CV-3001. MR. GRANT'S LAWSUIT HAS NOT BEEN HEARD ON THE MERITS.

82 MR. GRANT'S WITNESSES

MICHAEL J. MADIGAN
JESSE WHITE
EMIL JONES
PATRICIA DAWSON
BARACK H. OBAMA

83 MR. GRANT SEEKS $99 TRILLION IN DAMAGES.

84 THE DoD REMEMBERS 'NAM.



9

SDIA, SDGA, WD┅ ┅EDWI, ALND, ALSD, UTAH, NEW MEXICO

(85) THE ILND, ILCD, ILSD, CDCA, WDTX, NDTX, FDTX, NDGA, EDNY, NDWV, ▓ WDVA, MARYLAND, NEBRASKA, ┅┅, EDNC, NORTHERN MARIANA ISLANDS, C.F.C., AND FED. CIR. HAVE NOT FOUND MR. GRANT'S ALLEGATIONS TO BE:

(86) THE NATIONAL SECURITY AGENCY AND U.S. NORTHERN COMMAND ARE A PART OF THE U.S. DEPARTMENT OF DEFENSE.

28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii);
OR
28 USC 1915(e)(2)(B)(iii).



(87) SHAWN CARTER IS THE BEST BIG BROTHER A KID COULD ASK FOR.

(88) STEVE JOBS HAS A LARGE PENIS. STEVE JOBS HAS AN ASHTON KUTCHER SIZE PENIS.

(89) THOMAS W. COATS HAS A SMALL PENIS. TOM HOPPER DOES NOT.

(90) FREDDIE STROMA IS THE SAME SIZE AS TOM HOPPER.

(91) TONY BLAIR SAID, "ENGLAND'S NOT DOWN. IT'S IN. ENGLAND IS NEVER DOWN."

(92) NATHANIEL IS THE BEST FRIEND A GUY COULD ASK FOR.

(93) WHEN YOU SEE: SALLY RIDE; IT STANDS FOR: "RIDE, MISTRESS, RIDE." D.K. HIRNER IS THE MISTRESS.

(94) THE COMMANDER-IN-CHIEF AND OFFICE OF THE SECRETARY OF DEFENSE HAVE COMMAND AUTHORITY OF THE U.S. CONTINENTAL MILITARY FORCES TO KEEP MR. GRANT IN ILLINOIS UNDER MILITARY (10) FORCE THROUGH U.S. NORTHERN COMMAND.

W.L.G. — 8/26/2019

William Lee Grant II
901 Wythe Road
Springfield, IL 62702

(95) ILSD JUDGES: ▉ MICHAEL J. REAGAN (17-CV-1257); NANCY J. ROSENSTENGEL* (18-CV-806); AND STACI M. YANDLE** DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii);
OR
28 USC 1915(e)(2)(B)(iii).

* (19-CV-979 & 19-CV-1104)
** (19-CV-332)

(96) EDVA JUDGES: ROBERT E. PAYNE (18-CV-369); LIAM O'GRADY (18-CV-1328); LEONIE M. BRINKEMA (18-CV-449); AND ANTHONY J. TRENGA (18-CV-543) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE:

28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii);
OR
28 USC 1915(e)(2)(B)(iii).

(97) DISTRICT OF COLUMBIA JUDGES: TANYA S. CHUTKAN (17-CV-1434); JAMES E. BOASBERG (18-CV-1162); RUDOLPH CONTRERAS ▉▉▉ (18-CV-1805 & 1806); AND CHRISTOPHER R. COOPER (18-CV-1804) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE: 28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

(98) ILND JUDGE VIRGINIA M. KENDALL (17-CV-7902) DID NOT FIND MR. GRANT'S ALLEGATIONS TO BE:

_William Lee Grant II_  9/2/2019
WILLIAM LEE GRANT II
901 WYTHE ROAD
SPRINGFIELD, IL 62702
(217) ▉▉-▉▉▉

(11)

28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii); OR
28 USC 1915(e)(2)(B)(iii).

99) THE HIV/AIDS VIRUS IS A WORLD WAR II - JAPANESE VIRUS UNLEASHED ON THE POPULACE TO GENERATE PROFITS FOR THE PHARMACEUTICAL COMPANIES.

100) THE HIV/AIDS "COCKTAIL" CAME FROM THE PENTAGON.

101) THE ILLINOIS ATTORNEY GENERAL FAILED TO DENY ███ MR. GRANT'S ALLEGATIONS IN THE ILLINOIS COURT OF CLAIMS (18CC0946 + 18CC1057).

102) MR. GRANT BEGAN HIS LAWSUIT IN MAY OF 2016 IN THE ILCO WITHIN THE STATUTE OF LIMITATIONS.

103) THE U.S. CENTRAL COMMAND IS A PART OF THE DoD, AND IS LOCATED IN TAMPA, FLORIDA.

104) THE MIDDLE DISTRICT OF FLORIDA HAS NOT FOUND MR. GRANT'S ALLEGATIONS TO BE:
28 USC 1915(e)(2)(B)(i);
28 USC 1915(e)(2)(B)(ii), OR
28 USC 1915(e)(2)(B)(iii), ███

105) THE OFFICE OF THE SECRETARY OF DEFENSE USED JOINT SPECIAL OPERATIONS COMMAND (JSOC) LAWYERS TO ENGINEER MR. GRANT'S LIFE TO APPEAR IN FEDERAL COURT.

106) JSOC IS A PART OF THE U.S. CENTRAL COMMAND, AND BOTH JSOC AND U.S. CENTRAL COMMAND ARE A PART OF THE DoD.

107) ███████████████

12) Well DP 1/21/2020
WILLIAM LEE GRANT II
907 WITHE ROAD SPRINGFIELD IL 62702



GRANT v RUMSFELD

EXHIBIT IN SUPPORT OF COMPLAINT



By authority of the Board of Trustees of the

# UNIVERSITY OF ILLINOIS

and upon recommendation of the Senate

at Springfield

## William Grant

has been admitted to the Degree of

## Bachelor of Arts in Psychology

and is entitled to all rights and honors thereto appertaining

Witness the Seal of the University and the Signatures of its Officers

this eighteenth day of December, two thousand and ten.

Chair of the Board of Trustees

Michele M. Thompson
Secretary of the Board of Trustees

President of the University of Illinois

Interim Vice President of the University of Illinois
Interim Chancellor of the Springfield Campus





# Springfield High School

### District No. 186, Springfield, Illinois

This Certifies That

## William Lee Grant

has complied with the requirements of the Illinois State Board of Education and of the Board of Education of Springfield Public School District No. 186, Springfield, Illinois, and is hereby awarded this

## Diploma

Given at Springfield, in the State of Illinois, this twenty-ninth day of May, 2004.

_Charles Wayne Hoats_
Principal

_Shawn Quelodge_
Superintendent of Schools

_Frank E. Herzinger_
President, Board of Education

EXHIBIT IN SUPPORT
OF COMPLAINT

GRANT v RUMSFELD



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
500 Indiana Ave, NW, Washington, DC 20001
(202) 879-1010   www.dccourts.gov

*For Clerk's Use Only*

| This Application has been reviewed and approved by: | | |
|---|---|---|
| *Signature* | *Printed Name* | *Date* |
| | | |



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
500 Indiana Ave, NW, Washington, DC 20001
(202) 879-1010   www.dccourts.gov



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
500 Indiana Ave, NW, Washington, DC 20001
(202) 879-1010   www.dccourts.gov

3/26/2021

Illinois EBT Link Card: Card Balances

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**JUDGE-IN-CHAMBERS**

FILED
RECEIVED BY MAIL

FEB 05 2021

Clerk
Superior Court
of the District of Columbia
Small Claims Branch

WILLIAM LEE GRANT II          :
                              :
                              :
v.                            :     Case Number: 2021 CA 000572 B
                              :
JAMES A. BAKER III            :
                              :
                              :

## ORDER GRANTING APPLICATION TO PROCEED
## WITHOUT PREPAYMENT OF COSTS, FEES, OR SECURITY

Upon consideration of the Application to Proceed Without Prepayment of Costs, Fees, or

Security filed by William Lee Grant II, it is this 5th day of February 2021 hereby ordered that the

Application is:

**GRANTED**.


                              _Florence Pan_
                              _____
                              Florence Pan, Associate Judge
                              Judge-in-Chambers

GRANT v RUMSFELD

GRANT v TAFT

EXHIBIT IN SUPPORT OF APPLICATION

Page 1 of 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM LEE GRANT II, 901 Wythe Road Springfield, Illinois 62702 (217) 726-5269, <br><br> Plaintiff, <br><br> v. <br><br> JAMES A. BAKER III, 700 K Street, N.W. Washington, D.C. 20001 <br><br> 910 Louisiana Street Houston, Texas 77002-4995, <br><br> Defendant. | Civil Action No. 21-1173 |

## NOTICE OF REMOVAL OF A CIVIL ACTION

Pursuant to 28 U.S.C. § 1442(a)(1), Defendant, James A. Baker, III, by and through undersigned counsel, hereby files this Notice of Removal ("Notice"). In support of this Notice, the following facts are relied upon:

1.     Defendant is in receipt of a Complaint in the case *William Lee Grant, II v. James A. Baker, III*, Case No. 2021 CA 000572 B, filed in the Civil Division of the Superior Court of the District of Columbia (the "Civil Action") on February 5, 2021. The U.S. Attorney's Office was not served with a copy of the Complaint in the Civil Action. However, private counsel for Defendant transmitted a copy of the Complaint to the Department of Justice on April 16, 2021, and a copy was forwarded to the U.S. Attorney's Office on April 27, 2021. A copy of the Complaint is attached hereto as Exhibit A.

GRANT v RUMSFELD
EXHIBIT IN SUPPORT OF APPLICATION

2.      Defendant served as White House Chief of Staff (1981-1985; 1992-1993), the Secretary of the United States Treasury (1985-1988), and Secretary of State (1989-1992).

3.      Plaintiff, who is proceeding *pro se*, alleges that Defendant and other federal officials, among other acts:

    a.  detained Plaintiff for 28 years in Illinois,

    b.  "genetically-engineer[ed]" him,

    c.  made him a witness to the 9/11 terrorist attacks,

    d.  made him be hired by the State of Illinois,

    e.  forced him to stab Dr. Bill Grant,

    f.  forced him "to lick Dr. Bill Grant's penis in 1992,"

    g.  beat him and made him endure psychological warfare,

    h.  had Illinois State Police charge him with driving under the influence (DUI),

    i.  forced him to "act gay" for seven years,

    j.  forced him to walk from Springfield, Illinois, to Washington, D.C.,

    k.  attempted to assassinate him,

    l.  kept him under satellite surveillance for thirty (30) years, and

    m.  threatened him with military force.

4.      Plaintiff seeks $99 trillion in damages from Defendant.

5.      Plaintiff cites District of Columbia liability and damages for conspiracy, human trafficking, forced labor, trafficking in labor or commercial sex acts, and benefitting financially from human trafficking.

6.      Plaintiff's claims against Defendant arise out of Defendant's actions in his official capacity as a federal officer with the federal government.

7.     Plaintiff's claims against Defendant, as an officer of the United States, may be removed to the appropriate United States district court under Title 28 of the United States Code. 28 U.S.C. § 1442(a)(1).

WHEREFORE, this action is properly removed from the Superior Court of the District of Columbia.

Dated: April 30, 2021
    Washington, D.C.

                  Respectfully submitted,

                  CHANNING D. PHILLIPS, D.C. Bar #415793
                  Acting United States Attorney

                  BRIAN P. HUDAK
                  Acting Chief, Civil Division

           By:   /s/ Sian Jones
                  SIAN JONES
                  D.C. Bar No. 1024062
                  Assistant United States Attorney
                  555 Fourth Street, NW
                  Washington, DC 20530
                  202-252-2578
                  Sian.Jones@usdoj.gov

                  *Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 30, 2021, I caused to be served on

Plaintiff via first-class mail, postage prepaid, the foregoing Notice to the following address:

WILLIAM LEE GRANT, II
901 Wythe Road
Springfield, Illinois 62702

By: /s/ Sian Jones

*Counsel for the United States*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

WILLIAM LEE GRANT, II, §
§
    Plaintiff, §
§
vs. § CIVIL ACTION NO. 4:21-CV-00652
§
JAMES A. BAKER III, §
§
    Defendant. §

## NOTICE OF REMOVAL

The United States Attorney for the Southern District of Texas, on behalf of James A.

Baker, Defendant herein, hereby file this Notice of Removal pursuant to 28 U.S.C. § 1442(a)(1),

and in support thereof would respectfully show:

    1.    James A. Baker served as White House Chief of Staff (1981-1985), the Secretary

of the United States Treasury (1985-1988), and Secretary of State (1989-1992).

    2.    On January 7, 2021, Plaintiff William Lee Grant II ("Grant") filed his Pro-Se Civil

Complaint in the 61st Judicial District Court of Harris County, Texas.

    3.    In his Civil Complaint, Grant alleges that Mr. Baker with other federal officials

among other actions:

        a.    detained him for 28 years in Illinois,

        b.    "genetically-engineered" him,

        c.    made him a witness to the 9/11 terrorist attacks,

        d.    made him be hired by the State of Illinois,

        e.    forced him to stab Dr. Bill Grant,

1

GRANT v RUMSFELD


EXHIBIT IN SUPPORT OF STATEMENT/APPLICATION FOR
WAIVER OF COURT FEES

      f.      beat him and made him endure psychological warfare,

      g.      had Illinois State Police charge him with DUI, driving under the influence to take away his driver's license,

      h.      forced him to "act gay" for seven years,

      i.      forced him to walk from Springfield, Illinois, to Washington, D.C.,

      j.      attempted to assassinate him,

      k.      denied him due process,

      l.      kept him under satellite surveillance for thirty (30) years,

      m.      threatened him with military force, and

      n.      engineered Operation: Hometown Glory, a domestic Black Operation

4.      Grant seeks $99 trillion in damages from Mr. Baker.

5.      Grant cites Texas liability and damages for trafficking in persons, slander, and civil conspiracy.

6.      Grant's claims against Mr. Baker arise out of Mr. Baker's actions in his official capacity as a federal officer with the federal government.

7.      Mr. Baker was served in Houston, Texas, with a copy of the Civil Complaint by personal service on February 5, 2021.

8.      At all relevant times, Mr. Baker was acting within the scope of his office as a federal officer of the United States.

9.      Under 28 U.S.C. §1442(a)(1), "A civil action...commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United

States or any agency thereof, sued in an official or individual capacity for any act under color of such office...." This lawsuit is therefore removal under 28 U.S.C. § 1442(a)(1).

10.    Under 28 U.S.C. § 1441(a), "....any civil action in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where the action is pending..."

11.    Written notice of the filing of this pleading has been served on all parties in this lawsuit and a copy of this pleading has been filed with the Clerk of the State Court. A copy of the Notice to State Court of Filing of Notice of Removal is attached to this pleading and marked as Defendant's Exhibit A.

WHEREFORE, Mr. Baker requests that the above-captioned action, pending in the 61st Judicial District Court of Harris County, Texas, be removed to this Court.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

BY:    /s/   Jose Vela Jr.
Jose Vela Jr.
Assistant United States Attorney
Attorney in Charge
Fed ID# 25492
Texas State Bar No. 24040072
1000 Louisiana Street, Suite 2300
Houston, Texas 77002
713.567.9000
713.718.3303 (fax)

3



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
500 Indiana Ave, NW, Washington, DC 20001
(202) 879-1010   www.dccourts.gov

| Case Caption | Case Number |
|---|---|
| WILLIAM LEE GRANT II<br><br>versus<br><br>DONALD HENRY RUMSFELD | |

## ORDER

Upon consideration of the Application to Proceed Without Prepayment of Costs, Fees, or Security filed by
**WILLIAM LEE GRANT II**_____, it is hereby ordered that the Application is:

☐ **GRANTED** in this Family Court case, and, pursuant to Domestic Relations Rule 54-II(i), witnesses will be subpoenaed without prepayment of witness fees.

☐ **GRANTED** in this Civil Division case, and pursuant to Civil Rule 54-II(i), the clerk will attempt to serve by mail the materials listed in Civil Rule 4(c)(1). Plaintiff/Petitioner is responsible for service and proof of service if the clerk's efforts are unsuccessful.

☐ **GRANTED** in this Probate Division case.

☐ **GRANTED** in this Tax Division case.

☐ **GRANTED** in this Criminal Division case.

☐ **GRANTED**_____

_____.

☐ **DENIED**, for the reasons stated on the record in open court and in the presence of the applicant or applicant's counsel.

☐ **DENIED**, for the following reasons:

_____

_____

_____.

_____          _____
Date                                         Judge

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**JUDGE-IN-CHAMBERS**

| | | |
|---|---|---|
| **WILLIAM LEE GRANT II** | : | |
| | : | |
| | : | |
| **v.** | : | **Case Number: 2021 CA ___** |
| | : | |
| **DONALD HENRY RUMSFELD** | : | |
| | : | |

**ORDER GRANTING APPLICATION TO PROCEED**
**WITHOUT PREPAYMENT OF COSTS, FEES, OR SECURITY**

Upon consideration of the Application to Proceed Without Prepayment of Costs, Fees, or

Security filed by William Lee Grant II, it is this 13th day of May 2021 hereby ordered that the

Application is:

**GRANTED**.

_____
Jose M. Lopez, Associate Judge
Judge-in-Chambers



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

## WILLIAM LEE GRANT II
_____
Plaintiff

vs.

Case Number _____

## DONALD HENRY RUMSFELD
_____
Defendant

### SUMMONS

To the above named Defendant: DONALD HENRY RUMSFELD
1030 15th STREET, N.W., B1, #366
WASHINGTON, D.C. 20005

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Name of Plaintiff's Attorney

## WILLIAM LEE GRANT II

Address
901 WYTHE ROAD, SPRINGFIELD, IL 62702

## (217)726-5269
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주세요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]    Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____

_____
Dirección

Subsecretario

_____

Fecha _____

_____
Teléfono

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 연락 주십시오           የትርጉም አገልግሎት ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                                                              Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

## WILLIAM LEE GRANT II
_____
Plaintiff

vs.

## DONALD HENRY RUMSFELD
_____
Defendant

Case Number _____

### SUMMONS

To the above named Defendant: MERRICK GARLAND, ATTORNEY GENERAL OF THE UNITED STATES
U.S. DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE N.W.
WASHINGTON, D.C. 20530

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Name of Plaintiff's Attorney
_____

## WILLIAM LEE GRANT II

Address
901 WYTHE ROAD, SPRINGFIELD, IL 62702

## (217)726-5269

Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

---------------------------------------------------------------
Demandante

contra

Número de Caso: _____

---------------------------------------------------------------
Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

_____          Por: _____
Dirección                                                          Subsecretario

_____          Fecha _____

Teléfono
如需翻译，请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
한국어로 번역을 원하시면 (202) 879-4828로 전화주십시오          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                          Super. Ct. Civ. R. 4



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

## WILLIAM LEE GRANT II
_____
Plaintiff

vs.

## DONALD HENRY RUMSFELD
_____                    Case Number  _____
Defendant

### SUMMONS

To the above named Defendant:    CHANNING D. PHILLIPS, ACTING U.S. ATTORNEY
555 FOURTH STREET, N.W.
WASHINGTON, D.C. 20530

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Clerk of the Court_

Name of Plaintiff's Attorney
_____

## WILLIAM LEE GRANT II          By  _____

Address                                                    Deputy Clerk
901 WYTHE ROAD, SPRINGFIELD, IL 62702

## (217)726-5269                    Date  _____

Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주세요          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

---------------------------------------------------------------------
Demandante

contra

Número de Caso: _____

---------------------------------------------------------------------
Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

_____          Por: _____
Dirección                                                                              Subsecretario

_____

_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

한국어로 번역을 원하시면 (202) 879-4828 로 전화주십시요.      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original