UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM LEE GRANT, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 21-1173 (ABJ) |
| ) | Civil Action No. 21-1765 (ABJ) |
| JAMES A. BAKER, III, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

In two separate actions, plaintiff, appearing *pro se*, sued former Secretary of State James A. Baker, III, and former Secretary of Defense Donald H. Rumsfeld in the Superior Court of the District of Columbia. Each case was removed to this Court pursuant to 28 U.S.C. § 1442(a)(1) and assigned its own number. Defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing, among other grounds for dismissal, that plaintiff's complaint is "patently insubstantial, presenting no federal question suitable for decision." Mem. of P. & A. [Dkt. # 14-1 at 9], quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009); No. 21-cv-1765 [Dkt. # 7-1 at 9]. The Court agrees. So, defendant's motion will be granted for the reasons explained more fully below.

**BACKGROUND**

Plaintiff is a frequent litigator whose cases have been dismissed as frivolous or for inadequate pleading under Rule 8(a) of the Federal Rules of Civil Procedure. Like plaintiff's prior complaints, the amended complaint in No. 21-cv-1173 [Dkt. # 12 at 10-41] and the complaint in No. 21-cv-1765 consist of "random statements and conclusory assertions" that are "largely

1

incomprehensible." *Grant v. Baker*, No. 20-cv-1724 (UNA), 2020 WL 4748321, at *1 (D.D.C. Aug. 13, 2020) (Kollar-Kotelly, J.); *see id*. (noting that "plaintiff is no stranger to this Court, having had numerous cases dismissed, often with prejudice, for frivolity and/or inadequate pleading under Rule 8(a)") (listing cases)); *see also, e.g., Grant v. Joint Chiefs of Staff*, No. 19-5016, 2019 WL 1752638, at *1 (D.C. Cir. Apr. 15, 2019) (per curiam) ("The district court properly dismissed appellant's complaint as frivolous."); *Grant v. Shanahan*, No. 19-5018, 2019 WL 2158371, at *1 (D.C. Cir. Apr. 17, 2019) (per curiam) (same); *Grant v. United States Dep't of Just.*, No. 19-5008, 2019 WL 2156324, at *1 (D.C. Cir. Apr. 17, 2019) (per curiam) (same); *Grant v. Kabaker*, No. 18-5130, 2018 WL 4610753, at *1 (D.C. Cir. Aug. 24, 2018) (per curiam) (same). In *Grant v. Baker*, *supra*, Judge Kollar-Kotelly observed:

> [M]ost of plaintiff's complaints are repetitive and largely incoherent, and many filed here and in other district courts have named the same defendants. A search of this Court's civil dockets by the name William Lee Grant, II indicates that, in the past three years, plaintiff has filed at least 27 cases in this Court alone that did not survive the screening process . . . . A search and review of PACER reveals that plaintiff has filed approximately 192 total matters in various federal courts, and similarly, most of them also failed to survive the screening process. As a result, plaintiff has been, *see, e.g., Grant v. Dep't of Defense*, No. 4:18-cv-471 (N.D. Tex. June 12, 2018), ECF No. 7, and is currently, *see, e.g., Grant v. Dep't of Defense,* Case No. 3:19-cv-3001 (C.D. Ill. Feb. 12, 2019), ECF No. 7, barred from filing *in forma pauperis* [IFP] in other federal courts.

2020 WL 4748321, at *2. Judge Kollar-Kotelly also noted "five additional cases," including three more against Baker, that plaintiff filed contemporaneously, which "appear[ed] to be similarly duplicative and frivolous." *Id*. at *2, n.1. She concluded that plaintiff "abused the privilege of proceeding IFP" and ordered him to show why he should not be barred from proceeding IFP in future cases. *Id*. at 3. Plaintiff did not respond to the order; therefore, on October 6, 2020, Judge Rudolph Contreras issued an order enjoining plaintiff from filing IFP based on his "history of

filing frequent and meritless lawsuits" that "are harassing to the Court."  No. 20-cv-1724 [Dkt. # 5].  So, defendant's removal of the pending cases from D.C. Superior Court is the only reason they have progressed to the motion phase.

## LEGAL STANDARD

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.' "  *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*, quoting *Twombly*, 550 U.S. at 556.  A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," *id.*, quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, citing *Twombly*, 550 U.S. at 555.

In ruling upon a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibly Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002).  Federal courts are courts of limited jurisdiction and the law presumes that

3

"a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with examination of our jurisdiction."). Because "subject-matter jurisdiction is an 'Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, a court "may consider such materials outside the pleadings as it deems appropriate to resolve the question of whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1993); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

As indicated above, defendant suggests that this Court is deprived of subject matter jurisdiction. It is established that "federal courts are without power to entertain claims" that "are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904). The standard for dismissal under Rule 12(b)(1), however, "demands that the claims be flimsier than "doubtful or questionable"—they must be "essentially fictitious." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994), quoting *Hagans*, 415 U.S. at 536–37.

In the earlier-numbered case, 21-cv-1173, Plaintiff alleges that Baker conspired with former Attorney General William Barr and "six known members" of the Defense Department to detain him "in Illinois for nearly thirty years under threat of military force beginning in 1992"; to "provide employment opportunities . . . and tuition waivers to individuals who reported" on plaintiff's "words and actions"; and to "traffick[ ]" him to Springfield, Illinois, to be "beaten," "endure psychological warfare," and to serve as the Defense Department's "witness to the 9/11 terrorist attacks."  Am. Compl. at 21-22 ¶¶ 16-18.  In the later-numbered case, 21-cv-1765, plaintiff alleges that Rumsfeld, as Defense Secretary "from 2001 until 2006, is liable for the actions of Six Known Members of the U.S. Department of Defense" during that time period "under the theory of respondeat superior and command responsibility."  Compl. ¶ 2 [Dkt. # 1-1].  Plaintiff alleges that the six known members "planned and attempted to assassinate" him "in 2017 to conceal their multi-decade unconstitutional and racially motivated conspiracy against" him.  Compl. at 4.

Plaintiff's fanciful allegations, to the extent intelligible, are the very type comprising complaints "that district courts have dismissed for patent insubstantiality[.]"  *Tooley*, 586 F.3d at 1010; *see id.*, citing with approval dismissals of cases alleging, among other things, "a campaign of surveillance and harassment deriving from uncertain origins[.]"; *see also Best*, 39 F.3d at 330 ("patently insubstantial" claims may include "bizarre conspiracy theories" and allegations of "fantastic government manipulations of [plaintiff's] will or mind).[1]

---

[1]  But for the jurisdictional defect, this case would be added to plaintiff's long list of frivolous dismissals.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a frivolous complaint is one lacking "an arguable basis either in law or in fact"); *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) (per curiam) ("A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind."); *see also Best*, 39 F.3d at 331 ("If the district court viewed . . . plaintiffs' complaint as legally frivolous, . . . , the proper course would have been to grant the defendants' Rule 12(b)(6) motion.").

## CONCLUSION

For the foregoing reasons, the Court grants defendant's motion to dismiss under Rule 12(b)(1). A separate Order accompanies this Memorandum Opinion.

／s／ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: October 1, 2021